62    385
28a    98

---

H. GOLDSTICKER ET AL. v. P. S. FORD, COUNTY JUDGE.

(Case No. 1637.)

1. LIQUOR LAW — PENAL BOND — STATUTE CONSTRUED.— Suit was brought against a retail liquor dealer and the sureties on his official bond, under the act of April 4, 1881 (Gen'l Laws, p. 113), for knowingly permitting a minor to enter upon and remain in the retail liquor dealer's place of business. It was shown that the minor was employed by the defendant to aid him in his grocery with the written consent of the boy's mother; that before being employed there he had been out of employment for a month, and had been unable to procure employment elsewhere; that his mother was poor, and that his wages were greater than he could otherwise have obtained. On appeal from a judgment against the defendant and his sureties, *held:*

(1) The legislature intended the penal statute which provides a penalty against any one who shall knowingly sell or give spirituous liquors to a minor (P. C., 376) to remain in force unaffected by the act of April 4, 1881.

(2) The action given by the act of April 4 is cumulative and did not repeal the criminal statute. Citing Simpson v. State, 10 Yerg., 525; People v. Stevens, 13 Wend., 341, and other cases.

(3) The state may not exercise its power to declare that an act hurtful to society shall be punished criminally, and yet declare that a civil action may be prosecuted for the same act, when done in such manner as not to violate penal law, and this for the purpose of preventing such an act.

(4) The consent of the mother to the employment of the minor by the saloon keeper did not protect him against the enforcement of the penalty of the bond.

(5) The statute was enacted for the purpose of shielding youth from temptation, and the state has power to enact the law and provide for its enforcement, in disregard of the parents' wishes, when its object and tendency is to protect the child; and for such a purpose, if necessary, if the parents were unfitted to properly rear their offspring, the state could confide the child to the keeping of another.

APPEAL from Milam. Tried below before the Hon. W. E. Collard.

*Antony & Wilcox*, on their proposition that the act of April 4, 1881, was unconstitutional, cited: Constitution of Texas, 1876, Bill of Rights, secs. 14, 19, 29; Gen'l Laws, Reg. Ses., 17th Leg., p. 113, sec. 4; Penal Code, arts. 376, 365, 366.

That the legislature cannot pass a law to deprive the parent of the right to employ the child in a legitimate business, they cited: Cooley's Const. Lim., *340, *385–86, 392; Tyler on Inf. and Cov. (2d ed.), 149, § 98; id., 200, § 137 *et seq.;* 273, § 181; Const. U. S., 14th Amend., sec. 1; Const. Tex., 1876, Bill of Rights, secs. 1, 16, 17, 19; Hamilton v. G., H. & S. A. R'y Co., 54 Tex., 556; R. R. Co. v. Miller, 51 Tex., 270; Holden v. James, 11 Mass., 396; Davison v. Johomet, 7 Met., 393; Bull v. Conroe, 13 Wis., 238; Walley's Heirs v. Kenedy, 2 Yerg., 554.

No briefs on file for the state.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the county attorney for Milam county, in the name of P. S. Ford, its county judge, for the use and benefit of the county, to recover the sum of $500 from H. Goldsticker, and A. A. Burke and John N. Redding, his sureties, on a bond given by him as a retail liquor dealer under the provisions of the act of April 4, 1881 (General Laws, 113).

A copy of the bond of Goldsticker and his sureties was made a part of the petition, and as a breach thereof it was alleged that "Goldsticker did knowingly permit one Jay Childress, a minor under the age of twenty-one years, to enter upon and remain in his said estab-

lishment and place of business where he was so engaged in the sale of spirituous, vinous and malt liquors, and medicated bitters in quantities less than one quart."

It was found that Jay Childress, a boy of about fifteen years of age, with the written consent of his mother, who was a widow, was employed by Goldsticker, with a knowledge of his age, to work for him in a house in which he was retailing spirituous, vinous and malt liquors in less quantities than a quart, under the bond made an exhibit to the petition.

It was further found that the boy, with the knowledge, consent and procurement of Goldsticker, entered the saloon on the 23d of July, 1882, and remained there until about the 23d of October, 1882.

It was shown that the boy had been out of employment for about a month before he was employed by Goldsticker, and that up to that time he had been unable to get employment elsewhere, and that he could make more at that employment than at other employment which he could afterwards have obtained.

It was also shown that the boy's mother was poor. The cause was tried without a jury, and judgment was rendered against Goldsticker and his bondsmen for $500 and costs.

It is claimed that the law providing the conditions of the bond is unconstitutional and void, in that it imposes a second punishment for acts made punishable by the Penal Code, unless it be held to repeal the criminal statute.

The act under consideration declares that "The provisions of this section shall not be so construed as to repeal or in any manner affect any penal laws now in force concerning the unlawful sale of spirituous, vinous or malt liquors." Penal Laws, 1881, p. 113.

The Penal Code provides: "Any person who shall knowingly sell or give, or cause to be sold or given, any spirituous, vinous or intoxicating liquor to any other person under the age of twenty-one years, without the written consent of the parent or guardian of such minor, or some one standing in their place or stead, shall be fined not less than twenty-five nor more than one hundred dollars." Penal Code, 376.

The bond required of persons retailing liquors in less than a quart has the following conditions: That such person "shall keep an orderly house or place for the sale of such liquors, and that he or they will not sell nor knowingly permit to be sold in his or their said place of business, nor give nor permit to be given any spirituous, vinous or malt liquors or medicated bitters to any minor under the

age of twenty-one years, or to students of any institution of learning, or to any habitual drunkard or to any person after being notified in writing by the wife or daughter of the person not to sell to such person, and that he or they will not knowingly permit any games prohibited by the laws of this state to be played, dealt or exhibited in or about such place of business, and that he or they will not knowingly permit any minor under the age of twenty-one years to enter upon or remain in such establishment."

It is evident from the provision of the act of April 4, 1881, that the legislature intended the penal statute before referred to to remain in full force, and the liability of a party who violated its provisions in no manner to be affected by that act.

It was held in the case of Bush v. The Republic, 1 Tex., 455, if a statute prohibits an act under a penalty to be enforced by indictment, and a subsequent statute gives a *qui tam* action for a like penalty, that the latter is merely cumulative of and does not repeal the criminal statute or interpose any obstacle to the action by indictment.

This seems to be in accordance with the weight of authority. Simpson v. State, 10 Yerg., 525; Jennings v. Commonwealth, 17 Pick., 80; Regina v. White, 20 Eng. L. & Eq., 587; Blatchley v. Moser, 15 Wend., 216; People v. Stevens, 13 Wend., 341; Bishop on Statutory Crimes, 170; 1 Bishop's Criminal Law, 264. The case before us is not one, however, in which a penalty to be recovered by a civil action is given absolutely and without reference to a contract; and if there was doubt whether a penalty imposed solely by statute could be enforced by a civil action, and at the same time the party be punished for the same act through a criminal prosecution, we think there can be no doubt that a person may be prosecuted and punished under the provisions of art. 376, Penal Code, for knowingly selling or giving, or causing to be sold or given, any spirituous, vinous or intoxicating liquors to a minor without the consent in writing of the parent or guardian; and at the same time, under the contract evidenced by his bond, voluntarily executed, be held liable in the civil action for the sum which thereby he has agreed to pay to the county on breach of the conditions of the bond. This question becomes important only in view of the fact that it is assumed, if one of the conditions in the bond is void, therefore all the conditions are void — a question which it is unnecessary in the view taken of the case to pass upon.

The only apparent conflict of intention between the criminal statute and the condition in the bond, as provided by the law, re-

lates to that part of the penal statute which makes the sale of liquors to minors a criminal offense only when the sale is made without the written consent of the parent or guardian, while, by the law under consideration, the seller is made liable to a civil action on his bond, on breach of its condition, without reference to whether the consent of the parent or guardian be given.

The state may not exercise its power to declare that an act hurtful to society or to an individual shall be punished criminally; or it may declare that the act shall be so punished only when committed under given circumstances; but this does not deprive it of the power to declare that a civil action may be prosecuted for the commission of the act unaccompanied by such circumstances as would make it a violation of the criminal law, and this for the purpose of repressing or preventing such act.

As we have already in effect said, the condition in the bond referred to is not void; and against one who voluntarily executes such a bond, and afterwards breaks its conditions, the civil action may be maintained.

It is urged, however, that while the letter of the statute gives the action against the seller who knowingly permits a minor to enter upon or remain in his establishment, where the designated liquors are sold in less quantities than a quart, yet that such is not the spirit of the statute; and hence, when the entry upon or remaining in such establishment is with the consent of the parent or guardian, there is no breach of the bond; and this on the ground that, as the law does not punish criminally the sale of liquors to a minor, if made with the written consent of the parent or guardian, therefore it was not intended to give the civil action if the minor enters upon or remains in such establishment with the written consent of the parent or guardian.

If we apply their ordinary meaning to the words used in the statute, the civil action is thereby certainly given on breach of the condition in the bond, and so, without reference to the consent or wish of the parent or guardian, however expressed.

There being no ambiguity in the words of the statute, when considered in relation to its object and purpose, and it being strictly a remedial statute, in no manner merely declaratory of a former unwritten law, we certainly have no power to add words to it by which a meaning will be given to it which is not conveyed by the language used.

If we look to the evil intended to be corrected, and to the remedy furnished and necessary to that end, there can be but little, if any, doubt as to the intention of the legislature.

The statute was evidently enacted for the purpose of shielding the youths of the country from associations and influences which the warnings of the past show are likely to lead them into dissipation, corrupt their morals, and to start them, perhaps, on a course of life that leads to vice and even crime to which they would not tend but for hurtful association.

That the state has the power, by such laws as that under consideration, to do this, notwithstanding even the parent or guardian may otherwise desire, and may be willing even to desert the best interests of the child or ward, and may consent that it be exposed to influences likely to prove hurtful, cannot be questioned. State v. Clotter, 33 Ind., 409.

It has the power, when the parent or guardian is found unfaithful or unfit to rear and care for a minor, to have it taken from the custody of either and placed in the hands of another fitted to rear it for useful and honorable life.

Under the letter as well as the spirit of the law, a parent who might keep such an establishment as is contemplated by the statute, having executed a bond such as the law requires, would break the condition of that bond and be liable to the civil action therein provided, if he knowingly permitted his own child to enter upon or remain in such an establishment.

The powers of parents over their children are and ought to be very great, and the promptings of proper and natural parental affection are usually found sufficient to impel them in the proper line of duty towards the child; but if this fails, the state is not powerless, if it need be, to impose such penalties as are deemed necessary to the protection of the child upon the parent or any other person for a neglect of duty in this respect.

That the parent or guardian may consent that spirituous liquors may be sold to the child or ward, and thereby exempt the seller from liability to criminal prosecution, is in no manner inconsistent with the right and power of the state to give a civil action against the seller, notwithstanding the consent of the parent or guardian, and to give such an action against the keeper of such establishment on his bond whenever such person knowingly permits a minor to enter upon or remain therein.

There is no such case of necessity shown in this cause as would possibly relieve the makers of the bond from the liability voluntarily assumed by them, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered November 14, 1884.]