JOHN McGUIRE ET AL. v. E. J. GLASS.

(No. 2779.)

APPEAL from Bee County. Opinion by WILLSON, J.

JOHN W. FLOURNOY and R. B. MINOR, counsel for appellants.

No counsel appeared for appellee.

§ **51.** *Liquor dealer's bond; suit upon by party aggrieved; case stated.* This suit was filed by appellee, Mrs. E. J. Glass, in the county court, April 11, 1889, to recover of John McGuire, as principal, and A. Uldeman and Gus Levy, as sureties, on a retail liquor dealer's bond, under the act of March 29, 1887, the sum of $500, liquidated damages, for selling whisky to her son, Joseph Glass, a minor. The defendants, John McGuire, A. Uldeman and Gus Levy, answered, pleading general and special exceptions and general denial, and the defendant John McGuire further specially answered that, if he sold whisky to Joe Glass, he did not know that said Glass was under the age of twenty-one years; on the contrary, he avers that, at the time of said sale to the said Joseph, he, the said Joseph, informed said McGuire that he was twenty-two years old, and defendant had no reason to doubt his statement. The case was tried May 9, 1889, before a jury, and resulted in a verdict for the plaintiff for the sum of $500 damages, and thereupon judgment was entered in favor of the plaintiff for the sum of $500, from which defendants appeal.

The first error assigned is the overruling of defendants' exception to plaintiff's petition, said exception being to the effect that the plaintiff could not maintain the suit in her own name; that, as the bond is made payable to the state of Texas, a suit thereon, to recover for a breach thereof, must be in the name of the state of Texas. This exception is answered by the statute, it being

therein expressly provided that such "a bond may be sued on at the instance of any person or persons aggrieved by the violation of its provisions, and such person shall be entitled to recover the sum of $500 as liquidated damages." It is further provided that, in addition to such a suit for individual injuries, a suit in the name of the state may be maintained for a penalty of $500 for breach of such bond. [Sayles' Civil St., art. 3226a, § 4.] It was not error to overrule said exceptions to the petition.

§ **52.** *Selling liquor to minor; want of knowledge of minority no defense to suit on bond; construction of statute.* Appellant's second assignment of error calls in question the correctness of the charge of the court, in that said charge authorizes a verdict for the plaintiff, regardless of whether or not the defendant McGuire, at the time he sold the liquor to the minor, had reason to believe, and did believe, that said minor was twenty-one years old. A special instruction was requested by the defendants, and refused by the court, to the effect that, if the evidence showed that at the time McGuire sold the liquor to the minor he had reason to believe, and did believe, that he was selling it to an adult, the verdict should be for the defendants. It is strongly argued by counsel for appellant that if the sale was made by McGuire with no intention of violating the law or his bond, he believing, and having reason to believe, that the party purchasing was not a minor, he did not by said sale breach his bond. If this were a criminal prosecution for selling liquor to a minor, the burden of proof would devolve upon the state to show that the sale was knowingly made; that is, made with the knowledge that the party buying was a minor. This is so by force of the penal statute, which expressly requires that the act should be knowingly committed. [Penal Code, art. 376; Hunter v. State, 18 Tex. App. 444.] But there is no such restriction in the statute, or in the condition of the bond which we are now considering. The word "knowingly" does

not qualify the obligation of the bond with respect to selling liquor to a minor. It is used with reference to selling or giving away any impure or adulterated liquor of any kind, and it being thus used is a strong indication of the legislative intent that it should not apply to other conditions of the bond. In the former statute (act March 11, 1881) prescribing the conditions of the liquor dealer's bond, the word "knowingly" is used in the condition as to selling to minors, and so, also, in the act of April 4, 1881. [Gen. Laws, 17th Leg., Reg. Sess., pp. 22, 113.] The existing statute, under which this suit is prosecuted, is a substantial re-enactment of the acts above cited, as to the condition of the bond, leaving out the word "knowingly" in the condition as to minors. Here is another evidence that the legislative intent in the enactment of the present statute excludes from the question of a breach of the bond that the party selling the liquor had reason to believe, and did believe, that the party purchasing was not a minor. We must so construe the statute and said condition of the bond, however harsh such construction may seem; for, as was said by our supreme court in discussing an analogous question, "there being no ambiguity in the words of the statute, when considered in relation to its object and purpose, and it being strictly a remedial statute, in no manner merely declaratory of a former unwritten law, we certainly have no power to add words to it by which a meaning will be given to it which is not conveyed by the language used. If we look to the evil intended to be corrected, and to the remedy furnished and necessary to that end, there can be but little, if any, doubt as to the intention of the legislature." [Goldsticker v. Ford, 62 Tex. 385.] There being nothing in the statute which makes the liability upon the bond dependent upon the knowledge or intent with which the prohibited act is committed, the obligors must be held liable for even an innocent breach of its conditions. They take upon themselves this risk when they enter

into the bond and engage in the sale of liquors. Under the provisions of the statute now in force, we hold, therefore, that the court committed no error in the charge, or in refusing to give the charge requested by the defendants.

**§ 53.** *Constitutionality of the liquor bond statute.* Appellant attacks the constitutionality of the statute under which the bond in question was executed, contending that some of the conditions of the bond prescribed by said statute are violative of organic law. These same questions have heretofore undergone the consideration of this court, and have been determined in favor of the validity of the statute. We will not enter upon a further discussion of the questions, but will merely cite former decisions, to which we adhere. [Bell v. State, 28 Tex. App. 96; 24 Tex. App. 428. See, also, Goldsticker v. Ford, 62 Tex. 385.]

**§ 54.** *Non-joinder of party plaintiff; objection of must be raised how.* Another question to be considered and determined is the right of Mrs. Glass to maintain this suit. It appears from her petition, and from the evidence, that, at the time of the accrual of the cause of action, and at the time of the institution of this suit, she was a married woman, having been married to a man named Crutchfield, who is yet living, and from whom she has never been divorced. Said Crutchfield abandoned her and contributed nothing to her support, and, at the time of the institution of the suit, his whereabouts were unknown to her, and his abandonment had continued for about seven months prior to the institution of this suit. This question was raised in the court below by a motion to dismiss the suit, after the evidence was introduced. It was not raised by special exception or plea. If the question had been properly and timely presented, we are inclined to the opinion that the allegations in the petition did not entitle the wife to maintain the suit without being joined by her husband. [Ezell v.

Dodson, 60 Tex. 331.] But the objection, being one merely of non-joinder of parties appearing upon the face of the petition, should have been made by a special exception, and could not be raised in the manner attempted in this suit. [2 Civil Cas. Ct. App., p. 481.]

January 29, 1890.                    Affirmed.