A. G. RINTLEMAN ET AL. V. SARAH HAHN ET AL.

Decided January 28, 1899.

**Liquor Dealer's Bond—Subsequent Date.**

A notice given by a wife under Revised Statutes, article 5060g, forbidding liquor dealers to sell intoxicants to her husband, is sufficient to found a recovery upon in an action upon the liquor dealer's bond, where such sales were thereafter made, although the bond was executed after the notice was served, and the sale was made by the defendant at a place of business other than that at which the notice was addressed to him.

APPEAL from Tarrant. Tried below before Hon. IRBY DUNKLIN.

*W. R. Sawyers,* for appellants.

*W. R. McLaury,* for appellees.

CONNER, CHIEF JUSTICE.—This was a suit by Sarah Hahn and Fritz Hahn, her husband, as plaintiffs, against Blair Bros., a firm composed of W. H. and J. A. Blair, and Otto Monnig, J. A. Westland, A. G. Rintleman, and H. Steinfeldt, as defendants, in which plaintiffs allege that they were married April 23, 1895, and have since been husband and wife; that during said time defendants Blair Bros., as a firm, did business at No. 1415 Jennings Avenue, in Fort Worth, Tarrant County,

Texas, selling at retail whisky, beer, and medicated bitters; that on June 17, 1896, for the purpose of carrying on said business at said place, said Blair Bros., through said J. A. Blair, made the following application for license for the sale of spirituous, vinous or malt liquors or medicated bitters:

"*State of Texas, County of Tarrant.*—We, the undersigned, hereby make application for license for the sale of spirituous, vinous and malt liquors in quantities of one gallon or less, to be drunk on the premises; and having been duly sworn, declare that on the 19th day of June, 1896, we intend to engage in the sale of such liquors in the quantities and manner above applied for at No. 1415 Jennings Avenue, in the City of Fort Worth, county of Tarrant.

                                 "BLAIR BROS.,

                                       "By J. A. Blair.

"Sworn to before me this 17th day of June, 1896.

[L. S.]                             "JOHN P. KING, County Clerk."

That under the aforesaid application defendants Blair Bros., as principals, and Otto Monnig, H. Steinfeldt, A. G. Rintleman, and J. E. Westland, as sureties, executed in due and legal form a liquor dealer's bond as required by the statutes of Texas, in the sum of $5000, payable to the State of Texas, said bond being dated June 17, 1896, and examined and approved by George W. Armstrong, county Judge of Tarrant County, Texas, on June 24, 1896. Said bond, among other things, provides that said Blair Bros., principals, will not sell nor permit to be sold in their house or place of business, nor give nor permit to be given, any spirituous, vinous, or malt liquors or medicated bitters capable of producing intoxication to any person after having been notified in writing through the sheriff or other peace officer, by the wife, mother, daughter, or sister of the person not to sell to such person.

That defendants Blair Bros. did continuously from June 19, 1896, up to December 28, 1896, at said No. 1415 Jennings Avenue, in Fort Worth, Tarrant County, carry on the business of selling whisky and beer which was intoxicating. That on the 4th day of February, 1896, plaintiff Sarah Hahn, wife of Fritz Hahn, did in writing duly address and direct to defendants Blair Bros. a notice in writing, dated that day and signed by her as such wife of Fritz Hahn, and on said day, through E. A. Euless, sheriff of Tarrant County, Texas, did by causing said notice to be by said officer delivered to W. H. Blair, notify defendants Blair Bros. not to sell nor give to Fritz Hahn, plaintiff's husband, any whisky or beer, nor to let him have any intoxicant at their saloon.

That after the execution and delivery of said bond as aforesaid, and after service of said notice as aforesaid, to wit, on November 30, 1896, at their saloon, No. 1415 Jennings Avenue, Fort Worth, Texas, said Blair Bros., in violation of said notice and bond, did sell and give to Fritz Hahn one drink of whisky and two drinks of beer (which was in-

toxicating), who drank same, whereby plaintiff was damaged $500, for which defendants became liable to plaintiffs. That after the execution and delivery of said bond as aforesaid, and after service of said notice as aforesaid, to wit, on December 1, 1896, at their said saloon, at No. 1415 Jennings Avenue, said Blair Bros., in violation of said notice and bond, sold and gave to Fritz Hahn one drink of whisky and three drinks of beer (which was intoxicating), who drank same, whereby plaintiff was damaged and defendant became liable to plaintiffs for $500. That after the execution and delivery of said bond as aforesaid, to wit, on December 3, 1896, at their said place of business, No. 1415 Jennings Avenue, Fort Worth, Texas, said Blair Bros., in violation of said bond and notice, sold and gave to plaintiff Fritz Hahn two drinks of whisky and six drinks of beer (which was intoxicating), who drank same, whereby defendants became liable to pay plaintiffs $500. That after the execution and delivery of said bond as aforesaid, and after service of said notice as aforesaid, to wit, on December 4, 1896, at their place of business, No. 1415 Jennings Avenue, Fort Worth, Texas, said Blair Bros., in violation of said notice and bond, gave to Fritz Hahn a number of drinks of beer and one drink of whisky (which was intoxicating), who drank same, whereby plaintiff was injured, and defendants became liable to pay plaintiffs $500 for each violation of the terms of said bond.

Defendants answered (1) by general demurrer, (2) general denial, and (3) some special pleas.

On March 31, 1898, verdict and judgment was rendered in favor of plaintiff Sarah Hahn against the defendants W. H. Blair and J. A. Blair, composing the firm of Blair Bros., as principals, and against A. G. Rintleman, J. E. Westland, Otto Monnig, and H. Steinfeldt, as sureties, for $500. Defendants Rintleman, Steinfeldt, Monnig, and Westland moved for a new trial, which being overruled, they excepted, gave notice of appeal, filed their appeal bond, assigned errors, and now bring this cause to this court for review of the action of the court in overruling defendants' general demurrer.

But one error is assigned, which is as follows: "The court erred in overruling the general demurrer of these defendants to plaintiff's second amended original petition, in this: Said petition shows that the notice upon which this suit was brought and tried was given defendants Blair Bros. on February 4, 1896, prior to the execution of the bond by these defendants in June, 1896; and further, said petition shows that said notice was given to defendants Blair Bros., doing business at No. 400 Elizabeth Street, Fort Worth, Texas, when the bond was for Blair Bros., doing business at No. 1415 Jennings Avenue, Fort Worth, Texas, said notice not being sufficient upon which to base a recovery."

It will be thus seen that but a single question is submitted for our determination.

Our statute on the subject, so far as here necessary to quote, is as follows: "Any person, firm, or association of persons desiring to engage in the sale of spirituous, vinous, or malt liquors or medicated bitters capable

of producing intoxication, to be drunk on the premises, shall before engaging in such sale, be required to enter into bond in the sum of $5000, * * * with at least two good, lawful, and sufficient sureties, payable to the State of Texas, to be approved by the county judge, conditioned that said person, firm, or association of persons so selling spirituous, vinous, or malt liquors * * * shall keep an open, quiet and orderly house, * * * and that such person, firm, or association of persons, or his or their agent or employe, will not sell nor permit to be sold in his or their house or place of business, nor give nor permit to be given, any spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, to any person under the age of 21 years, or to a student of any institution of learning, or to any habitual drunkard, or to any person after having been notified in writing, through the sheriff or other peace officer, by the wife, mother, daughter, or sister of the person, not to sell to such person, * * * which said bond may be sued on at the instance of any person or persons aggrieved by the violation of its provisions, and such person shall be entitled to recover the sum of five hundred dollars as liquidated damages for each infraction of the condition of such bond, and the said bond shall not be void on the first recovery, but may be sued on until the full penal sum named therein shall have been recovered." Sayles' Civ. Stats., art 5060g.

The question presented is one of first impression in this State, so far as we are able to discover; nor have we been able to find in the authorities accessible to us where the point involved has ever been decided.

The right of the law-making power to enact statutes regulating the sale of intoxicating liquors is unquestioned, and it has more than once been determined that the very regulation herein involved is within the power of the Legislature to prescribe; that is, that as a condition to the right to sell such liquors at all a bond of the kind before us may be lawfully required. Goldsticker v. Ford, 62 Texas, 385; McGuire v. Glass, 4 Willson, sec. 53; Peary v. Goss, 90 Texas, 89.

So that, if we accept as true (which must be done in considering the demurrer) the allegations in the petition before us, appellants, when they signed the bond declared upon, legally bound themselves that their principal would not sell any of the liquors in the statute and said bond mentioned "to any person under the age of 21 years, or to a student of any institution of learning, or to any habitual drunkard, or to *any* person *after having been* notified in writing, through the sheriff or other peace officer, by the wife, mother, daughter, or sister of the person, not to sell to such person."

It will be noticed that the inhibition extends to four classes of persons: (1) minors; (2) students of an institution of learning; (3) habitual drunkards, and (4) *any* person *after having been notified,* etc. Under the United States laws sales of intoxicating liquors to Indians are inhibited. A number of the States have regulations of like kind. They all make penal or give right of action on bonds required for a sale to persons occupying a certain status. Our law declares that idiots and luna-

tics, paupers supported by any county, and all persons convicted of any felony shall not be permitted to vote. Here is a class of persons occupying a certain fixed status, to all of whom is denied the elective franchise. Instances might be multiplied where courts and legislative bodies have determined the status of individuals and of things, but in all cases the status is determined from the existence of certain facts. Has a person lived twenty-one years? If not, he is a minor. Is the person in question a student of any institution of learning? Has the person indulged in the use of intoxicating liquors to that extent that he comes within the definition of an "habitual drunkard?" If so, in each case, the person occupies a certain status, and is within the prohibited class. The obligation of the bond in question was that no sales should be made to *any* person whose status had been fixed by written notice, etc., of the wife.

The case of McGuire v. Glass was a suit on a liquor dealer's bond under the Act of March 29, 1887, for selling to a minor, and it was decided that it was not incumbent under that statute to show that the sale was knowingly done; though otherwise had it been a criminal prosecution. See 4 Willson, sec. 52.

In Black on Intoxicating Liquors, section 426, that author says: "Under statutes prohibiting the sale of liquor to habitual drunkards, it is held in many of the States that it is not necessary to constitute the offense that the seller should have knowledge of the buyer's habits of intemperance."

To the same effect is the case of McCutchen v. The People, 69 Illinois, 601, citing many authorities. In that case the court say: "If he (the seller) does not know the party who seeks to buy intoxicating liquors at his counter is legally competent to do so, he must refuse the sale. It is made unlawful, either with or without license, to sell to a certain class of persons, * * * and if he violates either clause of the statute he must suffer the penalties imposed for its violation. It is no answer to this view to say the licensee may sometimes be imposed upon, and made to suffer the penalties of the law, when he had no intention to violate its provisions. This is a risk incident to the business he has undertaken to conduct, and as he receives the gains connected therewith, he must assume also with it all the hazards."

The case of Goldsticker v. Ford, supra, was a suit by the county attorney on a liquor dealer's bond for knowingly permitting a minor to be employed and remain in and about a saloon. It was shown that Goldsticker had the written consent of the mother of the minor to so have him employed, but it was held that this was no bar to the action.

These authorities are cited merely to show the trend of judicial decisions, and to illustrate the general proposition that the essence of the fault, whether in a criminal prosecution or in an action on the bond, is the fact of a sale of intoxicating liquor to a person occupying the prohibited class or status; and in such case it is immaterial whether such status be fixed by the determination of the number of years the person may have lived, by his habits of sobriety, by his attendance as a student

in an institution of learning, or by the wife, mother, sister, or daughter so designating him by written notice served upon the liquor dealer in the manner indicated by the law. In either case the law throws its protecting mantle over the person so occupying the prohibited class.

In the present case it is admitted that the liquor sellers, Blair Bros., were on February 4, 1896, in fact duly served with notice by Sarah Hahn, one of the appellees, not to sell nor give to Fritz Hahn, her husband, any whisky or beer, nor to let him have any intoxicant at their saloon. It is also admitted that Blair Bros did thereafter, during the contractual relation of appellants herein as sureties on their bond, sell both beer and whisky to said Fritz Hahn, a person who by such notice so served by his wife had been placed among the prohibited classes. It will be noticed that our statute and the bond in question nowhere provides for more than one notice, nor fixes the time as related to the execution of the bond when such notice shall be given, nor is a time fixed beyond which such notice becomes noneffective or inoperative. The terms of the law and of appellants' obligation are very general. No sale can be made "to any person *after having been* notified in writing," etc., without violating their terms. The use of the verb here is in the past perfect tense. Hahn certainly was included within the terms used.

Under our law a liquor license may be transferred, and the licensee again take out another license and do business in another place. It is also required that each year he take out a new license, give a new bond, etc., and the statute does not seem to have contemplated that the wife, mother, sister, or daughter should be required to renew the notice, if any, given to a liquor dealer every time he should change his business location or every time a new license was taken out by him, in order to avail herself of the protection given by the law.

We are of opinion that the notice given in this case by the wife to Blair Bros. was sufficient as to them to designate Fritz Hahn as one of the prohibited class, and that if they afterwards sold him whisky and beer, as alleged, a breach of the obligation of the bond occurred. Appellants voluntarily executed such bond, and thereby assumed the risk of their principals duly observing its terms; and said principals not having done so, appellants have no legal reason for complaint.

We see no error in the action of the court below in overruling the demurrer, and the judgment below is accordingly affirmed.

*Affirmed.*

Writ of error refused.