### Wesley Peacock v. August Limburger et al.

No. 1074.  Decided February 27, 1902.

**1.—Liquor Dealer's Bond—Sale to Student—Knowledge.**

In an action to recover on a liquor dealer's bond under the Act of 1893 (Revised Statutes, article 5060g) for selling to a student of an institution of learning, it is not necessary to allege or prove defendant's knowledge that the purchaser was such student, nor can he avoid recovery by proving his ignorance of such fact. (Pp. 260, 261.)

**2.—Error—Waiver—Amendment—Charge.**

Error in rulings of the court is not waived by amending pleadings or introducing evidence to conform to the requirements of such rulings, nor by requesting charges necessary to properly present defendant's case under the view of the law incorrectly adopted by the court. (Pp. 261, 262.)

**3.—Same.**

Plaintiff suing to recover on a liquor dealer's bond for selling to a student, amended by alleging defendant's knowledge of that fact, in order to meet a ruling on demurrer that such allegation was necessary, and introduced evidence to show such knowledge; he objected, however, to defendant's evidence of want of such knowledge, as immaterial, and asked charges that knowledge was not necessary to a recovery; but also asked charges as to circumstances putting on notice as equivalent to knowledge, Held, that no one of these acts estopped him from complaining of the error, nor did all of them together. (Pp. 259-262.)

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*M. W. Davis* and *R. P. Ingrum,* for appellant.—Defendant was absolutely liable for the penalty under the statute if he, his agents or employes, sold beer to the boys while they were students of an institution of learning. No actual notice was necessary to defendant that

the boys were students of an institution of learning. Circumstances that would have put an ordinarily prudent man on notice that the boys were students of an institution of learning were not necessary to make defendant liable for the penalty under the statute if he, his agents or employes, sold them beer while they were such students. Rev. Stats., 1895, arts. 3380, 5060g; Acts of 1901, p. 314; McGuire v. Glass, 15 S. W. Rep., 127; Maier v. State, 21 S. W. Rep., 974; State v. Meyer, 23 S. W. Rep., 427; Daniels v. Grayson College, 50 S. W. Rep., 205; McCoy v. Clark, 81 N. W. Rep., 159; Am. and Eng. Enc. of Law, 2 ed., p. 335, and authorities there cited.

*Wm. Aubrey* and *J. R. Norton,* for appellees.—A party amending his pleading to conform to rulings thereon, waives his exceptions to such rulings. Ware v. Griner, 26 S. W. Rep., 898; Elliott, App. Proc., secs. 595, 83.

Appellant can not complain of an erroneous instruction when he requested an instruction embodying the same error, though his request was refused, more particularly when such special instruction is in accord with the pleading of the party asking the same. Railway v. Sein, 33 S. W. Rep., 558; Ware v. Griner, 26 S. W. Rep., 898.

One who sells beer to a student of an institution of learning without notice of the fact that such person is a student, is not liable for the statutory penalty. Rev. Stats., art. 3380; Acts 27th Leg., p. 314.

Those portions of the statutes prohibiting, in effect, the sale of liquor to "students of institutions of learning," deprive the citizens of this State of their "equal rights, liberty, property, privileges, and immunities," deny to persons within the jurisdiction of this State the equal protection of the laws, and, as such, are in violation of the provisions of the Constitution of the State of Texas and of the United States. Const. of Texas, art. 1, secs. 3, 19; Const. of U. S., Amendments, arts. 5, 14; Fletcher v. Peck, 6 Cranch, 135; Dent v. West Virginia, 129 U. S., 114; Railway v. Ellis, 165 U. S., 150; Allgeyer v. Louisiana, 65 U. S., 578; United States v. Joint Traffic Assn., 171 U. S., 505; Addyson P. & S. Co. v. United States, 175 U. S., 228; Insurance Co. v. Smith, 41 S. W. Rep., 684; Wynehamer v. People, 13 N. Y., 392.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from Court of Civil Appeals for the Fourth District, as follows:

"In October, 1900, defendant Limburger, a saloon keeper in San Antonio, through his employes, sold beer to two students of appellant's school for boys. The action is by Peacock, the proprietor of said institution of learning, against Limburger and the sureties on his liquor dealer's bond which was in force and conditioned as the law required at that time, to recover the penalty of $500 in reference to each of said students, upon the ground of their being at the time students of his school.

"The petition did not allege knowledge on the part of Limburger or his employes that the boys were students of an institution of learning. A special demurrer to it on this ground was sustained and plaintiff then amended by trial amendment alleging such knowledge, and that by the exercise of reasonable diligence, defendant and his employes could have known such fact. Upon the trial plaintiff introduced testimony of circumstances tending to show notice of the fact that one of the boys, Joe Speed, was a student of an institution of learning. Plaintiff objected to defendant proving want of knowledge of such fact as immaterial and took bills of exceptions to the action of the court overruling the objection. In his requests for charges, plaintiff asked the following inconsistent instructions, one of which, it will be noticed, was in accord with the theory adopted by the court in its charges, to wit, that notice was material to defendant's liability.

" 'Special Charge No. 1.—Gentlemen, you are instructed that it is not necessary that plaintiff should know that Joe Speed and John Bivins were students of Peacock's School for Boys to entitle plaintiff to recover, and if you find from the evidence that defendant, August Limburger, his agents or employes, sold a glass of beer to said boys on or about the date mentioned, you will find for the plaintiff.

" 'Special Charge No. 2.—Gentlemen, you are charged that if there were circumstances that would put a reasonably prudent man on notice that either Joe Speed or John Bivins were students of an institution of learning, then plaintiff is liable for selling to one or both of said boys as the jury may find from evidence, if any, that said sale, if any, was made.'

"Question No. 1. Was plaintiff, by reason of the fact that he acquiesced in the ruling upon the demurrer and amended accordingly, and by reason of the fact that he introduced testimony of circumstances to show that defendant Limburger or his employes had notice that one of the boys was a student, and by reason of his having requested the second charge above quoted, or by reason of any of said facts, cut off from complaining of the court's trying or submitting the case upon the theory that knowledge on the part of Limburger or his employes that the boys were students of an institution of learning was essential to defendants' liability?

"Question No. 2. If the above question should be answered in the negative, was knowledge of Limburger or his employes of such fact material to defendants' liability on the bond?

"As bearing on the first question, the court is respectfully referred to certain decisions: Railway v. Fox, 53 N. W. Rep., 260; Healey v. Rupp, 63 Pac. Rep., 319; Elliott's Appellate Proc., sec. 683.

"As bearing on the second question: State v. Donovan, 86 N. W. Rep., 709."

The second question may more conveniently be treated first. Our opinion upon it is, that, under the statute, knowledge of Limburger and his employes of the fact that the parties to whom the beer was sold were

students of an institution of learning was not material to Limburger's liability on the bond.

The statute in force when the sale was made (Revised Statutes, article 5060g; Act 1893, p. 179), required a bond, conditioned that the dealer in intoxicating liquors, etc., would not sell the same to any person under the age of twenty-one years, or to a student of any institution of learning, or to any habitual drunkard, or to any person, after having been notified as prescribed; that he would not adulterate the liquors sold by him in any manner by mixing the same with any drug; and that he would not *knowingly* sell or give away any impure or adulterated liquors of any kind. The other conditions need not be noticed. The statute also gave to any person aggrieved by the violation of the provisions of the bond a right of action for $500 as liquidated damages. A proviso was to the effect that "where the sale is made in good faith, with the belief that the minor was of age, and there is good ground for such belief, that will be a valid defense to any recovery on such bond."

The Act of 1887 contained no such proviso, and under its provisions it had been held by the Court of Appeals—correctly, we think—that a sale of liquor to a minor constituted a breach of the bond whether the seller knew the fact of minority or not. The reasons for the decision are so fully and satisfactorily stated in the opinion of Judge Willson that a reference to it without further discussion of the point there decided is sufficient. McGuire v. Glass, 15 S. W. Rep., 127. After that decision was rendered, the statute was changed by the insertion of the proviso which permits the seller to prove as a defense to a suit for selling to a minor, that he believed such minor to be of age where there was good reason for such belief; but this provision applies only in suits based on sales to minors, and the statute, at the time of the sale in question, stood unchanged in its provisions concerning sales to the other classes of persons named in the condition of the bond. Students of institutions of learning are not necessarily minors, and they are treated in the statute as a distinct class, sales to whom are prohibited. It could only be held that knowledge was an essential element in suits founded on sales to such students by adding to the statute, in effect, a further proviso. This the courts are not authorized to do. Since the transaction involved in this case, a further similar proviso has been added concerning sales to habitual drunkards, and this indicates the legislative construction of the statute as it previously stood, that it did not admit such a defense. Act 1901, p. 314.

We answer the first question in the negative.

The pleading, as amended, simply alleged a fact which it was unnecessary, under the law, for plaintiff to prove in order to make out his case. The ruling of the court on exceptions did not change the rules of law by which his right was ultimately to be determined. If he established all facts that were essential to a recovery, he had the right to judgment, notwithstanding the amendment, as fully as if his original petition had contained the immaterial allegation and he had failed to

prove it. The fact that he endeavored to meet the views of the trial court and to prove the fact held to be necessary did not estop him from relying on the legal effect of the facts which he did prove. Nor is he estopped by the special charges or all that he did, as set out in the certificate, from complaining of the charge of the court requiring proof of an unessential fact. If he established all other facts, the result of the trial is that he is denied a recovery because he did not prove that which we have held to be immaterial, although he was contending throughout for the rule which is now laid down. The court having held and charged that proof of knowledge was necessary, certainly it was plaintiff's right to have the jury instructed as to what character of notice or knowledge was sufficient; and in requesting such instruction, he did not concede the proposition that knowledge was essential. The case is not one in which the party has involved himself in inconsistent positions, nor one in which he has misled the court and induced the error of which he complains.