## T. E. MINTER ET AL. v. STATE OF TEXAS.

### Decided June 27, 1903.

**1.—Liquor Dealer's Bond—Minor—Conjunctive Conditions.**

In an action upon a liquor dealer's bond for permitting a minor to "enter and remain" on the premises where liquor was sold, in violation of a provision of the bond, so worded, a charge of the court which was susceptible of the construction that the breach alleged would be shown by proof that the minor had been permitted to either enter or remain, was error.

**2.—Same—"Entering and Remaining"—Sale in Good Faith.**

Where the evidence shows that the minor remained only long enough to get a drink, and the transaction was therefore a mere sale, as contradistinguished from what must be meant in the statute by "entering and remaining," for which the statute provides a separate penalty from that for a sale, and it is further shown that the sale was in good faith, being made upon a well grounded belief that the purchaser was of lawful age, as indicated by his appearance and his answer to a question as to his age, a recovery for breach of the condition against entering and remaining can not be had on such proof showing merely a sale. Construing article 5060g, Revised Statutes, as amended by the Act of April 27, 1901. Qualls v. Sayles, 18 Texas Civ. App., 400, not followed.

Appeal from the District Court of Erath County. Tried below before Hon. W. J. Oxford.

*Eli Oxford* and *Nugent & Pannile,* for appellants.

*Lee Riddle, Dick Oxford,* and *J. B. Keith,* for appellee.

CONNER, CHIEF JUSTICE.—This is a suit upon a liquor dealer's bond. The alleged infractions are, that a minor was permitted to enter and remain in appellant T. E. Minter's saloon at the times specified in the amended petition upon which the trial proceeded. Appellants pleaded the general denial, and specifically, among other things, that if the minor named was permitted to enter and remain as alleged, "it was in good faith, believing at the time that the said minor was not a person under the age of twenty-one years, or a minor, and that appellants had good grounds for such belief." There was a recovery in the statutory sum of $500, and appellants appeal.

We find it necessary to discuss but one assignment of error. After introductory parts, the court charged the jury that if they found the execution of the bond, etc., as alleged, and that while appellant T. E. Minter was engaged as a retail liquor dealer, he or his agents or employes at the times charged did permit said minor "to enter and remain in said house and place for retailing spirituous liquors," etc., they should find for the plaintiff, otherwise to find for appellants. But the court in this connection gave the following further charge, to which error is assigned, viz: "By the term 'enter and remain,' as used in the charge, is meant, that the person under the age of twenty-one years, if any, entered the house for retailing intoxicating liquor or remained in said house with the knowledge and consent of the person in charge of said

liquor business, and the length of time such person, if any, remained therein, is immaterial."

The terms of the bond, which are statutory, are, among others, that appellants will not "permit any person under the age of twenty-one years to enter and remain" in the retail liquor house in question; and while doubtless not so intended by the able trial judge, we think the charge susceptible of the construction that the breach alleged would be shown by proof that the minor had been permitted to either enter or remain. The law and the obligation employ the terms "enter and remain" conjunctively. Both must concur to constitute a breach of the bond. Hence the charge was erroneous in the qualification of the terms mentioned. In this view we find we are in harmony with the Court of Civil Appeals for the Third District in the case of Cox v. Thompson, from Hamilton County, where the same charge in substance as that above set out was condemned. See 7 Texas Ct. Rep., 577.

It is insisted in behalf of appellee, however, that the error noted will not require a reversal because the evidence is such that no other judgment than as rendered was legally possible. That John Briley, on whose account the alleged breach occurred, was a minor between 17 and 18 years of age, and that at the date alleged he entered T. E. Minter's saloon, and with the knowledge and consent of the barkeeper remained long enough to purchase and drink a glass of beer, is undisputed. There was evidence, however, that young Briley presented the appearance of an adult, and remained long enough only to drink a glass of beer. In this respect John Minter, appellant's brother and barkeeper, testified that he knew John Briley, and that on the occasion mentioned Briley "came in the saloon and said he wanted a glass of beer; I asked him how old he was, and he spoke up and said he was twenty-one years old, and somebody else spoke up and said he was twenty-two; he had beard on his face at the time; I took him for a man; he was larger than some of the other boys that were with him, and they were men. * * * Do not suppose he was in there over a minute; he went right straight out."

The error in the charge, hence, appears immaterial, save that appellants insist that the evidence raises the issue of a sale only, and that if done in good faith they were exculpated by force of article 5060g, Revised Statutes, as amended by act approved April 27, 1901, and thus is presented the serious question in the case. The amended article cited provides that the retail liquor dealer shall enter into bond conditioned among other things that "such person, firm or association of persons, or his agent or their agent or employe, will not sell or permit to be sold in his or their house or place of business, nor give nor permit to be given any spirituous, vinous or malt liquors, or medicated bitters capable of producing intoxication, to any person under the age of twenty-one years, * * * and that he or they will not permit any person under the age of twenty-one years to enter and remain in such house or place of business; * * * provided, that where the sale is made in good faith, with the belief that the minor was of age, and there is good ground

for such belief, that shall be a valid defense to any recovery on such bond; and provided further, that where the sale to an habitual drunkard is made in good faith, with the belief that he was not an habitual drunkard, and there is good grounds for such belief, that shall be a valid defense to any recovery on such bond; provided the provisions of this act shall apply to suits by the State or any individual." If, therefore, the transaction under consideration may be construed as one comprehended within the meaning of the terms "enter and remain," regardless of whether it also constitutes a "sale" within the meaning of the law and terms of the bond, it is immaterial that the sale of the beer to the minor may have been in good faith and upon a well grounded belief that he was of lawful age. In such case good faith and want of knowledge of the fact of minority is not a defense to the action on the bond. On this point the Supreme Court on certified question in the case of Cox v. Thompson, 96 Texas, —, 7 Texas Ct. Rep., 236, say: "The only changes made by the acts of 1893 and 1901 in the pre-existing rule is defined in the provision quoted, and they apply only to sales. The courts can not so extend them as to make them apply to other conditions of the bond. If, within the meaning of the statute, a minor was permitted to enter and remain in the house or place, the good faith of the owner would not prevent this from being a breach of the bond."

But if the minor be permitted to enter and remain, does it follow that it is a valid defense thereto to show that the minor entered and remained such time only as was necessary to get a drink, and that the sale or gift thereof to him was in good faith and upon reasonable ground for belief on the part of the liquor dealer that the minor was in fact of lawful age? The law has not specified the length of time necessary to constitute a remaining, nor limited the effect of the fact of a permission to remain by the purpose of the minor or of the liquor dealer. The specified conditions are distinct and severable, and it is by no means an anomaly in the law for a single act or group of concurring acts to constitute differing and coexisting remedies or causes of action of which the person entitled thereto may freely elect. Herman on Estoppel and Res Adjudicata, sec. 1051. In such case there can be but one recovery, as is the effect of the holding by this court in Dickson v. Holt, 30 Texas Civ. App., —, 70 S. W. Rep., 342. And in the case of Qualls v. Sayles, 18 Texas Civ. App., 400, decided by the Court of Civil Appeals of the First District, it appears that a minor entered a saloon and drank a glass of soda water or beer and went out. In the opinion by Chief Justice Garrett the court say: "It would not be a violation of the conditions of the bond for the defendant to sell, or permit to be sold, soda water to the minor, but it was a violation thereof to permit the minor to enter the premises and remain, although only long enough to drink a glass of soda water which the bartender said was set before him. It appears from the undisputed evidence that the minor entered the saloon in company with others, and drank a glass of soda water or beer, without objection on the part of the barkeeper, and was permitted to remain

until after he had done so, when he voluntarily left the place. Such being the fact, there is no reason for remanding this case. The judgment of the court below will therefore be reversed, and judgment will be here rendered in favor of the plaintiff against the defendants in error for the sum of $500 and all costs." And if, as held by the Supreme Court in the Cox case, supra, the appearance of the minor and the belief of the liquor dealer that he is of adult age has no application to the condition that the minor shall not be permitted to "enter and remain," it is not easy to see how it can be said that proof of adult appearance on the part of the minor and of good faith on the part of the liquor dealer constitutes a defense to an action on the bond for permitting the minor to enter and remain, though it be long enough only to procure a drink. It would seem, however, to have been in effect so held by the Court of Civil Appeals in the Cox case, supra, as will appear in the opinion by that court. The Supreme Court, however, left the question undetermined, though mooted by it in the same case on certificate. While difficulties in the question before us are thus suggested, they in no degree relieve us of the necessity of determination, and we have finally concluded that the view indicated by the Court of Civil Appeals for the Third District in the Cox case, supra, is supported by the better reason. That is, that where the facts show the transaction to be a mere sale, as contradistinguished from what is meant by the terms "enter and remain," as used in the statute, and where it is further shown that the sale was in good faith and with a well grounded belief that the person to whom the sale was made is of lawful age, then a suit on a bond for breach of the condition against entering and remaining can not be maintained on proof of such mere sale, notwithstanding the fact that the minor entered and remained long enough to purchase and drink intoxicating liquor. Not for the reason that in such case the sale may be a lawful act; for we would long hesitate to say that the purpose of the law could be defeated merely because the intent of the minor in entering was lawful, or his act after entrance was innocent, but because of the terms of the law relating to the subject. By prohibiting the sale of intoxicants to minors and in also declaring that one under the age of twenty-one years shall not be permitted to enter and remain in a house where retail liquors are sold, two distinct and different acts were described, and different ends were evidently in view. Evils of distinct but kindred character were intended to be remedied. If one condition was synonymous with the other, if either condition was sufficient for both, then why the other? We ought not to attribute to the Legislature an unnecessary or meaningless act. The condition of the law and of the bond relating to the sale is that the sale shall not be permitted "in his or their (the liquor dealer's) house or place of business." The Legislature must then have contemplated and had in mind the case of an entry by a minor and such detention on his part as was absolutely necessary to complete the sale, otherwise the Legislature in this respect is in the attitude of denouncing a penalty for an act impossible of per-

formance: If the minor is permitted to enter and to remain without making a purchase, or if after a purchase he is permitted to remain, another prohibitory provision of the law is violated. As emphasizing the separate character of the conditions it may also be observed that for the sale, accompanied by the necessary presence of the minor, the penalty assessed is $500, and no more. To assess a penalty of $1000 for a mere sale within the meaning of the law, by adopting the construction that the sale constitutes a breach of both prohibitory conditions, it seems to us, is to say that $1000 may be assessed for action for which the Legislature has fixed a penalty of one-half of that amount only. By the amendment of 1901, as will be seen from the proviso we quote, the Legislature has declared that where such sale is made in good faith, with the belief that the minor is of age, and there is good ground for such belief, that shall be a defense to *any* recovery on the bond. By this the Legislature must have meant something. With the propriety or wisdom of the provision it is not our province to speak; it is our duty to give effect to the legislative intent as so expressed, if, by reasonable construction of the whole law on the subject, it can be done. The Legislature could certainly not have intended that this provision should be so construed as to render it wholly noneffective, and this is the result if it be held that notwithstanding the sale may have been upon well grounded belief that the purchaser was of age, the penalty of $500 may nevertheless be assessed therefor merely by designating the transaction by another name. The substance of the transaction is to be observed and not mere forms that the circumstances may be made to assume.

If we are correct in the conclusion reached, we think it follows that the evidence quoted tends to raise the issue of a mere good faith sale of intoxicating liquors, and that we can not take such issue from the jury. It is their province to determine the issue and pass upon the credibility of the witnesses and the weight to be given to their testimony, and to this end the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*