GULF, COLORADO & SANTA FE RAILWAY COMPANY ET AL. V. TEMPLE GRAIN & HAY COMPANY.

No. 5938. Decided March 15, 1933.
(58 S. W., 2d Series, 47.)

*Terry, Cavin & Mills*, of Galveston, *Jno. F. McRae, Lee, Lomax & Wren*, of Fort Worth, for appellants.

The alleged misrouting was due solely to an innocent oversight and the trial court erred in failing to give appellant's requested peremptory instruction. Houston & T. C. Ry. Co. v. Rust & Dinkins, 58 Texas, 98; Moore v. Bell, 95 Texas, 151, 66 S. W., 45; State v. St. Louis S. W. Ry. Co. (Civ. App. writ of error dismissed), 165 S. W., 491; Gulf, C. & S. F. Ry. Co. v. Dwyer, 75 Texas, 572, 12 S. W., 1001; 8 Texas Jur., p. 1139.

*C. W. Goerte* and *E. S. Allen*, of Fort Worth, for appellee.

Article 6475, R. S., 1925, provides no defense for *misrouting* or discrimination, but only allows a defense for overcharge made through a mistake of fact innocently and unintentionally made. Helm v. Wells Fargo & Co. (Civ. App.), 177 S. W., 134; Moss v. Bross (Civ. App.), 221 S. W., 343; Houston & T. C. Ry. Co. v. Lone Star Salt Co. (Civ. App.), 48 S. W., 619; St. Louis, B. & M. Ry. Co. v. True Brothers (Civ. App.), 140 S. W., 837.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This case is before the Supreme Court on a certified question from the Court of Civil Appeals at Fort Worth. The certificate fully states the case. It is as follows:

"W. H. Temple, as owner of the Temple Grain & Hay Company, of Fort Worth, sued the Gulf, Colorado & Santa Fe Railway Company and the Panhandle & Santa Fe Railway Company for discrimination and for failure to deliver to its connecting carrier, the Texas & Pacific Railway Company, at Sweetwater, a certain car of ear corn. Plaintiff sued for the penalty provided for in Art. 6475, Rev. Civ. Statutes of 1925, which provides a penalty for the doing of any act prohibited or declared to be unlawful, or omitting to do any act therein required to be done, and which provides a penalty for such violation of not less than $125 nor more than $500. Plaintiff pleaded that the

Panhandle & Santa Fe Railway Company received from him a loaded car of ear corn at Lamesa, Dawson County, consigned to the order of the Temple Grain & Hay Company, and that said railway company delivered a bill of lading filled out on a blank form of bill of lading and in general use by the railway company, with routing instructions thereon, routing said car by way of the Panhandle & Santa Fe Railway Company to Sweetwater, and by way of the Texas & Pacific Railway Company to Dallas. That the defendant railway company agreed to haul, convey and transport said car of corn to Sweetwater over its line of railway, and to deliver said car to the Texas & Pacific Railway Company at Sweetwater; that defendant did not deliver said car of corn to the Texas & Pacific Railway Company at Sweetwater, but did wrongfully, wilfully and negligently and with discrimination, deliver said car of corn to the Gulf, Colorado & Santa Fe Railway Company at Sweetwater, and that said latter company conveyed and transported said car to its destination at Farmersville, over its own line of railway, and delivered the same to the Louisiana Railway & Navigation Company at Farmersville.

"The plaintiff did not allege any delay or damage by reason of the alleged discrimination, and the trial court instructed the jury that if they found that the railway companies were guilty of the discrimination alleged, they should assess punishment at not less than $125 nor more than $500.

"On the original hearing, we concluded that the Gulf, Colorado & Santa Fe Railway Company was not liable for the penalty, but that the evidence sustained the judgment against the Panhandle & Santa Fe Railway Company. It was pleaded, and the evidence supports the pleading, that the misrouting from Sweetwater over the Gulf, Colorado & Santa Fe Railway Company was caused by a mistake, unintentionally made, of a clerk in the railway company's office at Lamesa, the place of origin. It is especially urged in the motion for new trial that the trial court erred in giving a peremptory instruction, and that inasmuch as the undisputed testimony showed or tended to show that the mistake in the routing from Sweetwater over the Gulf, Colorado & Santa Fe Railway Company was an innocent mistake of the clerk, that such defense was proven and that no judgment should have been entered against said Panhandle & Santa Fe Railway Company.

"We have found no case directly in point, but we have found several cases on liquor dealers' bonds, as McGuire v. Glass, 15 S. W., 127; Cox v. Thompson, 75 S. W., 819; Minter

v. State, 76 S. W., 312; and Gilbreath v. State, 82 S. W., 807, to the effect that where the statute provides in the sale of liquor to a minor, that it is a good defense to plead and prove that the sale was made under an honest mistake of fact, as to whether the person to whom the sale was made was in fact a minor; but where the statute does not provide that such a defense shall be good for allowing the minor to come into the place where liquor is sold and remaining there, that it is immaterial whether or not he was so allowed to enter and remain through a mistake of fact as to whether or not he was a minor.

"Inasmuch as this suit does not involve a sufficient amount to give the Supreme Court jurisdiction and inasmuch as it is stated that there are some 23 cases that have been filed in the lower court against the same defendant for a like penalty, we have concluded that it is advisable to certify to your honors the one question:

"(a) Did the trial court err in not peremptorily instructing the jury to find for the defendants; (b) for not submitting to the jury the issue as to whether or not the mistake testified to by the clerk was in fact made innocently and with no intention of the clerk to violate shipping instructions?"

### OPINION.

We content ourselves with an approval of Judge Buck's discussion in his original opinion, of the matters relating to the question as to whether both the railroad defendants were entitled to an instructed verdict. Clearly the initial carrier was not.

On the issue as to whether a mistake of fact is a defense to the cause of action here asserted, we think the very wording of the statute itself precludes such a defense where the cause of action is predicated on an allegation of discrimination under Article 6475, R. C. S. of Texas, 1925. Before further discussing this statute we shall quote it. It is as follows:

Art. 6475. "If any railroad subject to this title shall do, cause or permit to be done any matter (,) act or thing prohibited or declared to be unlawful, or shall omit to do any act, matter or thing herein required to be done by it, such railroad shall be liable to the person or persons, firm or corporation injured thereby for the damages sustained in consequence of such violation; and in case said railroad company shall be guilty of extortion or discrimination as by this chapter defined, then in addition to such damages such railroad shall pay to the person, firm or corporation injured thereby a penalty of not less than one hundred and twenty-five nor more than five hun-

dred dollars. Such railroad may plead and prove as a defense to the action for said penalty that such overcharge was unintentionally and innocently made through a mistake of fact. A recovery as herein provided shall in no manner affect a recovery by the State of a penalty provided for such violations."

■ It is the settled law of this State that the misrouting of freight in the manner shown in this instance is unlawful discrimination as defined and denounced by Articles 6474 and 6475, R. C. S. Also it is the settled law that such discrimination subjects the offending railroad to liability for the penalties prescribed by Article 6475, R. C. S. Thompson v. M. K. & T. of Texas, 103 Texas, 372, 126 S. W., 257.

■ A reading of Article 6475, supra, discloses that it makes the railroad liable for a penalty of not less than $125.00 nor more than $500.00 for any act of commission or omission denounced by the Statute. The act then expressly provides, *"Such road may plead and prove as a defense to the action for said penalty that such overcharge was unintentionally and innocently made through a mistake of fact."* The very fact that the statute expressly fixes the penalty for any act of omission or commission prohibited or declared to be unlawful, and then provides for a defense of *unintentional and innocent mistake* as applied to cases involving overcharges only, conclusively demonstrates a legislative intent to deny such defense in all other instances. Any other holding would render the exception meaningless. Federal Crude Oil Co. v. Yount-Lee Oil Company, 122 Texas, 21, 52 S. W. (2d) 56. We quote the following from Judge Leddy's opinion in the case last above cited:

"* * * It is a familiar rule of statutory interpretation that an 'exception makes plain the intent that the statute should apply in all cases not excepted.' Sutherland on Statutory Construction (2d Ed.), Sec. 494, p. 925; 25 R. C. L., 983; First State Texas Ins. Co. v. Smalley, 111 Texas, 68."

Our holding that the "exception makes plain the intent that the statute should apply in all cases not excepted," is further fortified by the fact that the statute does not contain the words, wilfully or knowingly, or any other word of like intent.

We therefore hold that an unintentional or innocent mistake of fact is not a defense on behalf of a railroad in a suit filed by the shipper for penalties under Article 6475, supra, unless such penalties are sought to be recovered for overcharges. Of course in all suits under such statutes the railroad may prove a mistake of fact in mitigation of the amount of recovery. This

is true because the statute prescribes no fixed penalty, but one ranging in amount anywhere from a minimum of $125.00 to a maximum of $500.00.

We recommend that the question certified, which is in fact two questions, be answered "No."

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.