

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 8, 1947

Hon. Augustine Celaya, Chairman
Liquor Regulation Committee
House of Rpresentatives
Austin, Texas.            Opinion No. V-134

                          Re:   Constitutionality of
                                House Bill No. 118,
                                50th Legislature, re-
                                lative to the sale of
                                liquor to minors.

Dear Sir:

        Your request for an opinion upon the above
subject matter is as follows:

        "As chairman of the Committee on
        Liquor Regulation, I will appreciate an
        opinion as to the constitutionality of
        House Bill 118 and amendments.

        "I am especially concerned about
        the change in the law in that the author
        has eliminated the word 'knowingly' from
        Article 666-26(b)."

        We have carefully examined House Bill 118 of
the 50th Legislature and likewise the title thereto as
shown by committee amendment.  The bill purports to a-
mend Article 666-26 of the Penal Code of the State of
Texas.  This is inaccurate and should be corrected as
in the re-drafted amendment which we have taken the
liberty to prepare and attach hereto.

        The purpose of the Bill is to omit the word
'knowingly' from that part of the Texas Liquor Control
Act which prohibits sale of certain liquors to persons
under 21 years of age.  Under the proposed bill, sale
to a minor would be an offense regardless of whether
the seller had knowledge of such non-age.

        We note that you are "especially concerned a-
bout the change in the law in that the author has elim-

inated the word 'knowingly' from Article 666-26(b)."

The elimination of the word 'knowingly' does not affect the validity of the act - it merely goes to the merits of the bill, and presents a question solely for the consideration of the Legislature.

Corpus Juris Secundum Volume 22, Section 30, announces the general rule as follows:

"* * *. On the other hand, the Legislature may forbid the doing of, or the failure to do an act and make its commission or omission criminal without regard to the intent or knowledge of the doer, and if such legislative intention appears, the courts must give it effect, and in such cases, the doing of the inhibited act constitutes a crime, and the moral turpitude or purity of the motive by which it was prompted, and knowledge or ignorance of its criminal character, are immaterial circumstances on the question of guilt; such legislation is enacted and is sustained, for the most part, on grounds of necessity, and is not violative of the Federal Constitution. * * *"

In Pappas v. State, 188 S. W. 52, the Supreme Court of Tennessee said:

"It being clear that in statutory offenses a criminal intent or fraudulent intent is not always essential, it is equally clear that whether the scienter is a material element of the crime or not must be determined by the language used by the Legislature in defining the offense."

In Texas Liquor Control Board v. Duvall, 170 S. W. (2d) 820, involving a cancellation of a permit for employing a boy under eighteen years of age, it is said:

"The prohibited act of employing a minor in a position fraught with temptations that may lead to a life of dissipation, is declared in unqualified terms, unrelieved by any language importing that knowledge of the age of the minor, or that either good faith or intent was an element

of the offense. In authorizing the cancel-
lation of a license for the sporadic sale of
beer to a person under twenty-one years of
age, the same Article of the statute in Subd.
1 (a), provides that such sale must be 'know-
ingly' made; but with reference to the offense
of greater enormity, that is, of employing
a minor in a business where he is constantly,
day after day, exposed to a temptation that
may result in his becoming an inebriate, no
such qualifying language is found.

"This construction of the statute is in
line with that given similar statutes, not
only by our courts but by courts of the coun-
try over. In Peacock v. Limburger, 95 Tex.
258, 66 S. W. 764, our Supreme Court, answer-
ing certified question, held that a sale of
liquor to a minor constituted a breach of
the dealer's bond, whether the seller knew
the fact of minority or not,* * *"

Justice Williams of the Supreme Court, writing
the opinion in Peacock vs. Limburger, 66 S. W. 764, said:

"The statute in force when the sale was
made (Rev. St. Art. 5060g; Acts 1893, p. 177)
required a bond on condition that the dealer
would not sell intoxicating liquors, etc., to
any person under the age of 21 years, * * *

"The statute also gave to any person ag-
grieved by the violation of the provisions of
the bond a right of action for $500.00, as li-
quidated damages. A proviso was to the effect
that 'where the sale is made in good faith,
with the belief that the minor was of age, and
there is good ground for such belief, that will
be a valid defense to any recovery on such bond.'
The act of 1887 contained no such proviso, and
under its provisions it has been held by the
Court of Appeals -- correctly we think -- that
a sale of liquor to a minor constituted a breach
of the bond, whether the seller knew the fact
of minority or not. The reasons for the deci-
sion are so fully and satisfactorily stated in
the opinion of Judge Willson that a reference
to it without further discussion of the point
there decided is sufficient. McGuire vs. Glass
(Tex. App.) 15 S. W. 127."

## SUMMARY

House Bill 118, 50th Legislature, with corrected committee amendments eliminating the word "knowingly" from the offense of the sale of liquor to persons under 21 years of age (Art. 666-26 V. P. C.), is constitutional. Omission of the word "knowingly" in defining the offense does not affect the validity of the bill, going only to the merits of the bill.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *Ocie Speer*

Ocie Speer
Assistant

OS:lh:wb:mmc

APPROVED APR 9, 1947

*Price Daniel*

ATTORNEY GENERAL