COMMONWEALTH *vs.* OSCAR JULIUS.

Suffolk.   November 22. — 26, 1886.   HOLMES & GARDNER, JJ., absent.

If a person, holding a license of the first class, under the Pub. Sts. c. 100, to sell
   intoxicating liquors, sells such liquors to an intoxicated person, it is immaterial
   whether he knew that the person to whom he sold was intoxicated or not.

COMPLAINT, alleging that the defendant, on January 6, 1886,
at Boston, he having a license of the first class, under the Pub.
Sts. c. 100, to sell intoxicating liquors, unlawfully sold such
liquors to Michael A. Parsons, who was then and there an intox-
icated person. Trial in the Superior Court, before *Staples*, J.,
who allowed a bill of exceptions, in substance as follows :

It was admitted that the defendant was licensed, as alleged.

Michael A. Parsons testified, for the government, that, on Jan-
uary 6, 1886, he went into a Methodist church on Bromfield
Street, in Boston, at twelve o'clock noon ; that he had been
drinking more or less for three days; that upon the street he
did not show it, and, when he entered the church, there was
nothing about him that would indicate to any outside person
that he had been drinking, or was under the influence of liquor;
and that, although he had attended to his business as usual dur-
ing the three days including the sixth day of January, he had no
distinct recollection of what occurred.

William H. Pratt testified that he was in said church on said
sixth day of January at the noon prayer-meeting; that he saw
Parsons there, and that Parsons was intoxicated ; that he tried
to keep him quiet; that Parsons went out of the meeting, and
that the witness walked with him down Bromfield Street and up
Washington Street; that near the entrance to Ordway Place,
Parsons eluded him, and the next he saw of Parsons he was
going up Ordway Place and entering the saloon of the defend-
ant; that Parsons walked rapidly, and he followed him as rapidly
as he could ; that he had no previous acquaintance with Parsons,
and had never met him before the day in question ; that when
Parsons entered the saloon of the defendant, he followed him in ;
that Parsons called for whiskey and soda of the defendant, who
was behind the bar; that he told the defendant not to sell to

Parsons, as he was drunk; and that the defendant poured out a glass and gave it to Parsons.

Rev. D. H. Ela testified that he conducted the prayer-meeting at said church; that he saw Parsons in there; that, from his movements, he was apparently drunk; that his speech, as he came forward, was thick; and that he smelt of liquor, and had the look of a drunken man.

Two other witnesses testified, in substance, that Parsons was drunk at the church at the time in question, and smelt and acted like a drunken man.

One Vinal, a police officer, testified, for the government, that, shortly after two o'clock on January 6, he went with Pratt to the defendant's saloon, and said to him that he was charged with selling liquor to an intoxicated person whom Pratt forbade him to sell to; and that the defendant replied, " Yes, but he is no more intoxicated than you are; he is over in the Milliken House; go over with me and satisfy yourself," — which Vinal and Pratt declined to do.

The defendant testified that he kept the saloon under his license; that Parsons was perfectly sober when he entered his place, as sober as when he testified a few moments before on the stand; that Pratt did not request him not to sell Parsons the drink; that he let Parsons have whiskey and soda; and that, on his asking for pay, Parsons told him he would make it all right, and the witness said it was right if Parsons so understood it.

The defendant was corroborated by one Mallory, clerk of the Milliken House, who testified that Parsons was sober when he came from the defendant's place to the Milliken House; and that the distance between the two places was not more than twenty feet.

One Ely testified that he saw Parsons two hours after he was in the defendant's place; and that Parsons was sober. Parsons himself testified that he had no recollection of being in the defendant's place.

The defendant requested the judge to instruct the jury as follows: " The defendant must have sold liquor to an intoxicated person, knowing him to be intoxicated at the time when the sale was made, in order for the jury to convict him."

This instruction the judge declined to give, but instructed the jury that it was immaterial whether the defendant knew that Parsons was intoxicated at the time of the alleged sale ; and that if Parsons was, in fact, then and there an intoxicated person, and the defendant sold him intoxicating liquor, as alleged in the complaint, it was sufficient to warrant a conviction.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*T. J. Gargan,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

BY THE COURT. It has been too often decided to be now open to question, that guilty knowledge that one is acting in violation of law is not essential to the offence of unlawfully selling intoxicating liquor ; and that whoever has a license is bound, at his own peril, to keep within the terms of it. *Commonwealth* v. *Uhrig,* 138 Mass. 492. *Commonwealth* v. *Finnegan,* 124 Mass. 324. *Roberge* v. *Burnham,* 124 Mass. 277. *Commonwealth* v. *Emmons,* 98 Mass. 6.

In the case at bar, the jury have found that the defendant sold liquor to an intoxicated person. The statute does not make guilty knowledge by the defendant one of the elements of the offence ; and the court rightly instructed the jury that it was immaterial whether the defendant knew that the person to whom he sold was intoxicated.

*Exceptions overruled.*