JAKE MARKUS ET AL. v. I. S. THOMPSON.

Decided June 6, 1908.

**1.—Liquor Dealer's Bond—Breach—Pleading—Place of Business.**

In a suit upon a liquor dealer's bond, the petition alleged that the defendant was engaged in the business of selling intoxicating liquors in quantities less than a quart in the town of L. and had obtained license and executed bond as required by statute; that he permitted plaintiff's minor son to enter and remain in "his place of business." Held, that the petition was not subject to exception on the ground that it was not alleged that the place of business was a place where intoxicating liquors were sold. The place of business in which the minor was allowed to remain evidently referred to the place described in the petition.

**2.—Same—Same.**

In a suit upon a liquor dealer's bond for permitting a minor to enter and remain in the dealer's saloon, it is not necessary for the petition to allege the length of time the minor remained in the saloon.

**3.—Same—"Person Aggrieved."**

A parent is necessarily a "person aggrieved," as that term is used in the statute regulating the sale of intoxicating liquors.

**4.—Same—Date of Breach.**

In a suit upon a liquor dealer's bond it was alleged that plaintiff's minor

son was allowed to enter and remain in the saloon "in the months of April and May, 1906, and particularly on or about May 10, 1906, in violation of said bond, etc." Held, sufficiently definite as to time to admit proof of breaches of the bond on May 10, and as no proof was offered of any breach of the bond in April the overruling of a special exception to the petition as to the allegations of violations of the bond in the month of April, if error at all, was harmless.

**5.—Same—Several Breaches Same Day.**

In the matter of allowing a minor to enter and remain in a saloon, there might be a number of breaches of the saloon keeper's bond on the same day.

**6.—Same—Good Faith—No Defense.**

When, at the time of the trial of a suit upon a liquor dealer's bond for permitting a minor to enter and remain in his saloon, the statute, making the good faith of the saloon keeper in believing that the minor was over twenty-one years of age a defense to the suit, was not in force, the court properly refused to submit such issue to the jury.

**7.—Same—Sale of Liquor to a Minor—Consent of Parent—Effect.**

The consent of the parent does not protect a liquor dealer in the violation of his bond in reference to the sale of liquors to a minor further than to defeat the right of such parent to recover the penalty prescribed for such violation. The State might still recover the penalties. The fact that a parent had expressly authorized other liquor dealers to sell liquor to his minor son would be no defense to one not so authorized.

**8.—Same—Act of 1907—Repealing Effect.**

The Act of 1907, regulating the sale of liquor, did not repeal the provisions of the former law giving the right to aggrieved parties to recover penalties for the violation by a liquor dealer of the obligations of his bond.

Appeal from the District Court of Angelina County. Tried below before Hon. James I. Perkins.

*E. T. Mantooth, T. W. Jordan* and *M. M. Feagin,* for appellants.— The court erred in not sustaining the defendant's general demurrer to plaintiff's petition, for that, said petition states no cause of action for a violation or breach of his liquor dealer's bond, in this, that the petition fails to state that the place of business of Jake Markus, charged to have been entered, was a saloon, or place for the sale of spirituous, vinous or malt liquors, or a place not permitted by law, or said bond, for minors to enter and remain. Moody v. Benge & Jewel, 28 Texas, 546; Malone v. Craig, 22 Texas, 609; Gulf, C. & S. F. Ry. Co. v. Huffman, 81 S. W., 536.

Plaintiff can not recover for two alleged infractions or breaches of defendant Markus' bond on the same day, the petition stating and charging two breaches on two different times without giving the two different dates, and negativing two breaches on same day is fatally defective in stating any cause of action, and especially as to two breaches of bond. Johnson v. Rolls, 97 Texas, 453; Hillman v. Mayher, 85 S. W., 818; Coburn v. Gill, 60 S. W., 974.

The court erred in refusing to give defendant's special charge, wherein the jury were charged that if the defendant, Jake Markus, or his employes, did allow or permit said minor to enter and remain in the saloon, and at the time they did so, they, said defendant and his employes, in good faith, from the statement and appearances of said minor, believed

said minor was over twenty-one years of age, that they would find for the defendant. This charge presented the law of this case under the Constitution of Texas, sec. 19, art. 1, and was the only remedy available to defendant under due process of the law of the land. Constitution, art. 1, sec. 19; New York Life Ins. Co. v. Smith, 41 S. W., 687; Gulf, C. & S. F. Ry. Co. v. Ellis, 70 Texas, 307; San Antonio & A. P. Ry. Co. v. Bell, 32 S. W., 374; Paris v. Hale, 13 Texas Civ. App., 386; Hutcheson v. Storrie, 92 Texas, 685; Armstrong v. Traylor, 87 Texas, 598.

*O'Quinn & Robb,* for appellee.—When the petition sets out the bond, and alleges the purpose for which it was executed, states that license was issued, and charges a violation of the conditions of the bond by permitting plaintiff's minor son to enter and remain, whereby defendants became liable to plaintiff in the statutory sum, it is good against a general demurrer. Maier v. State, 2 Texas Civ. App., 296; Rintleman v. Hahn, 20 Texas Civ. App., 244.

The petition need not allege *in haec verba* that plaintiff was aggrieved, he being the father of the minor permitted to enter and remain belongs to that class of persons who by statute are entitled to recover upon a violation of the bond. Kruger v. Spachek, 22 Texas Civ. App., 307; Tipton v. Thompson, 21 Texas Civ. App., 143; Peavy v. Goss, 90 Texas, 89.

The law does not define what constitutes "remaining" in a saloon— it is a question of fact for the jury to determine. Rev. Stats., art. 5060g; Cox v. Thompson, 32 Texas Civ. App., 572; Cox v. Thompson, 85 S. W., 34.

The allegation, "in the months of April and May, 1906, and particularly on or about May 10, 1906, in violation of the bond, . . . did permit Albert Thompson, plaintiff's minor son, to enter and remain in defendant's said place of business two different times," is sufficiently certain. Kruger v. Spachek, 22 Texas Civ. App., 307.

Each time entering and remaining constitutes an infraction of the bond, whether on different days or on the same day. Rev. Stats., art. 5060g.

Under the law, plaintiff was not called on to prove that he was aggrieved, he being the father of the minor permitted to enter and remain, belonged to that class of persons by law given the right to recover; and defendant not having pleaded any such matter as a defense, it was not an issue in the case. Kruger v. Spachek, 22 Texas Civ. App., 307; Tipton v. Thompson, 21 Texas Civ. App., 143; Mims v. Mitchell, 1 Texas, 447; Smothers v. Field, 65 Texas, 437, 438.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellee against appellant, Jake Markus, and the sureties upon his liquor dealer's bond, to recover $1,000 for the alleged breach by appellant Markus of the obligation of said bond in permitting the minor son of plaintiff to enter and remain in said appellant's place of business on two occasions. The breaches of the bond sued on for which the statutory penalties are sought to be recovered are alleged in the petition as follows:

"That heretofore, to wit, in the months of April and May, 1906, and

particularly on or about May 10, 1906, in violation of the said bond and obligation of the said Jake Markus to the State of Texas and to plaintiff, the said Jake Markus and Wood Newsom, the said Wood Newsom who was then and there the agent and employe of the said Jake Markus, and who was then and there acting as such in the said Jake Markus' place of business in the town of Lufkin, Texas, as hereinbefore alleged and shown in this petition and bond attached and made part hereof, did permit Albert Thompson, who was then and there a person under twenty-one years of age and who was then and there plaintiff's minor son, to enter and remain in defendant's place of business two different times in violation of the said bond to the State of Texas and to plaintiff, whereby the said defendants have become liable to plaintiff in the penal sum of $1,000 damages, for which he here sues."

The defendants answered by general demurrer and special exceptions to the petition, and by general denial. The special exceptions to the petition are as follows:

"Specially excepting to plaintiff's petition, defendants say that the same is insufficient for the following reasons:

"1st. Because it is not shown by said petition when, or upon what day, the minor son of the plaintiff entered said saloon, for that there is no specific date given on which said minor is charged to have entered said saloon.

"2d. That there is no allegation in said petition that the plaintiff's son remained in said saloon sufficiently long to constitute a breach of the bond sued on, because the allegation in said petition 'enter and remain' is not sufficient in law to constitute a breach of said bond, and of these general demurrers and special exceptions, defendant prays the judgment of the court."

A trial by jury in the court below resulted in a verdict and judgment in favor of plaintiff for the sum of $1,000.

The jurisdiction of this court being final in this cause and the judgment of the court below having been affirmed we are not required to write and file our conclusions of fact and law, and therefore in this opinion we shall not discuss and pass upon the various assignments of error presented in appellant's brief in detail, but will merely state in a general way our conclusions as to the law applicable to the material questions presented by the record.

There was no error in the judgment of the trial court overruling the general and special exceptions to the petition. It is specifically alleged in the petition that appellant was engaged in the business of selling intoxicating liquors in the town of Lufkin in quantities less than one quart, and had obtained his license and executed his bond as such liquor dealer as required by the statute. These allegations being in the petition, the further allegation that he permitted plaintiff's minor son to enter and remain in "his place of business" can only be construed to mean that he permitted said minor to enter and remain in his saloon or place in which his liquor dealer's business was conducted, and it was not necessary for the petition to more specifically allege that the place of business in which the minor was allowed to remain was a place of business in which intoxicating liquors were sold. It is immaterial that the evidence shows that appellant Markus had two places of business, in one

of which liquors were not sold. There is no allegation in the petition that said appellant was engaged in any other business than that of a liquor dealer, and the allegation that the minor was permitted to enter and remain in said appellant's place of business clearly means the place of business mentioned in the petition.

It was a question of fact for the jury to determine whether the length of time the minor was allowed to stay in appellant's saloon was sufficient to constitute a breach of the obligation of the bond that minors would not be permitted to enter and remain in such place, and it was not necessary for the petition to allege the length of time the minor remained in the saloon.

The plaintiff being the father of the minor who was permitted to enter and remain in the saloon, he was not required to show by evidence that he was aggrieved by the act of the appellant in permitting said minor to enter and remain in appellant's place of business, and it is therefore clear that he was not required to allege that he was so aggrieved. The fact that he was "a person aggrieved," as that term is used in the statute, is shown by his relationship to the minor. Peavy v. Goss, 90 Texas, 90; Tipton v. Thompson, 21 Texas Civ. App., 143; Qualls v. Sayles, 18 Texas Civ. App., 400.

The allegation as to the date on which the minor was allowed to enter and remain in the saloon is sufficiently definite, at least, to admit proof of two such breaches of the bond on the 10th day of May, 1906. No evidence was offered as to breaches of the bond on any other day, and therefore if there was any error in not sustaining the special exception as to the allegations of violations of the bond in the month of April, such error was harmless.

There is no merit in the contention that there could be but one breach of the bond on the same day by permitting the same minor to enter and remain in a saloon. As before stated the length of time that the minor must be allowed to remain in a saloon to constitute a breach of the bond is a question of fact, and there might be a number of such breaches in the same day for which penalties could be recovered.

Under the law in force at the time of the trial of this cause in the court below the good faith of the saloonkeeper in believing that the minor was over twenty-one years of age was not a defense to the suit, and if the evidence was sufficient to raise that issue, the court did not err in refusing to submit it to the jury. Tinkle v. Sweeney, 97 Texas, 190; Peacock v. Limburger, 67 S. W., 518; Cox v. Thompson, 32 Texas Civ. App., 572.

There was no error in the refusal of the court to permit defendants to show that plaintiff had expressly authorized other liquor dealers to sell liquor to his son. Such fact, if true, would not be a defense to this suit. As we understand the law the consent of the parent does not protect a liquor dealer in the violation of the obligations of his bond in reference to the sale of liquor to minors and in permitting minors to enter and remain in his place of business, further than to defeat the right of such parent to recover the penalty prescribed for such violation. Notwithstanding such consent on the part of the parent the State might recover the penalties, and the parent is denied the right of such recovery, not because the act of the saloonkeeper is legalized, but because such

parent having by his own act procured or induced the violation of the obligations of the bond, it would be unconscionable to allow him to profit by his own wrongful act, and he is therefore estopped from recovering penalties for such breach of the bond.. If it could be held that because a parent had authorized one dealer to sell liquor to his minor son, he would be thereby estopped from recovering penalties from another dealer who permitted such minor to enter and remain·in his place of business, such defense must be specially pleaded and could not be asserted under a general denial.   Smothers v. Field, 65 Texas, 435; Moody v. Rowland, 100 Texas, 363.

Upon the submission of this cause appellant presented a motion asking that the suit be dismissed on the ground that the law under which appellee recovered the $1,000 penalties was repealed after the rendition of the judgment in the court below, and therefore appellee is not entitled to the affirmance of a judgment enforcing such penalties.   The point presented in this motion has been decided adversely to appellant's contention by the Court of Civil Appeals for the Sixth District in the case of Jessee v. DeShong, 105 S. W., 1011, and by the Court of Civil Appeals for the Fifth District in the case of Coughtry v. Haupt, 47 Texas Civ. App., 452.   We agree in the·conclusion expressed in the opinions in the cases just cited, that the Act of 1907 regulating the sale of liquor does not have the effect of repealing the provisions of the former law giving the right to aggrieved parties to recover penalties for the violation by a liquor dealer of the obligations of his bond.   The re-enactment of such provisions in the new law evidences an intention on the part of the Legislature to preserve the rights and remedies given under the former law, and the repealing clause in the latter Act in no way affects rights acquired under the provisions of the old law re-enacted in the new.   The motion to dismiss is therefore overruled.

We think the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*

Application for writ of error dismissed.