Rockingham, }
Dec. 7, 1909. }

## STATE v. DUBRUIEL & a.

A verdict is not to be set aside because a question propounded to a witness informed the jury of an irrelevant fact, if counsel by an immediate retraction restored to the trial the fairness of which he had divested it and it affirmatively appears that the jury were not influenced by the unwarranted statement.

A licensed dealer who sells liquor to an intoxicated person cannot successfully defend an action to enforce payment of his bond by showing that at the time of sale he exercised reasonable prudence to determine the purchaser's sobriety.

DEBT, on a liquor license bond. Trial by jury and verdict for the state. Transferred from the April term, 1909, of the superior court by *Wallace*, C. J.

The breach alleged was a sale of liquor to one Stephanic when intoxicated. Stephanic was called as a witness. During his examination he admitted that he was arrested as he left the place of sale, and was then asked by the state's counsel if he paid a fine and costs for being drunk. Objection being made, the attorney-general withdrew the question and asked the court to instruct the

jury not to consider it. The question was stricken from the record, the jury were instructed to pay no attention to it, and the presiding judge found that the asking of the question did not render the trial unfair.

Subject to exception, the court refused to instruct the jury as follows: " If the defendant did all that a reasonably prudent man should do under the circumstances to determine whether Stephanic was sober or not at the time of the sale, then your verdict should be for the defendants."

*Edwin G. Eastman*, attorney-general, for the state.

*John W. Kelley*, for the defendants.

PARSONS, C. J. If it must be assumed that the question to which objection was taken informed the jury of a fact irrelevant upon any issue in the case, nevertheless, the plaintiffs having restored to the trial the fairness of which they had divested it and having made it appear affirmatively that the jury were not influenced by the unwarranted statement, the exception must be overruled. *Pritchard* v. *Austin*, 69 N. H. 367, 369 ; *Furnald* v. *Burbank*, 67 N. H. 595 ; *Bullard* v. *Railroad*, 64 N. H. 27, 32.

The defendant's contract with the state, evidenced by his bond, was that in case in the exercise of his license liquor should be sold to an intoxicated person, he would pay the state the damages thereby occasioned, even if the sale were made by one of his servants without his knowledge and against his express command. *State* v. *Corron*, 73 N. H. 434, 446, 450, 454. As the object of the bond is the protection of the state and not the punishment of the licensee (*State* v. *Corron*, *supra*), the material question is whether that has been done which the bond stipulated should not be done. Since good faith in the defendant would not protect the state from loss, the contract cannot be construed in accordance with the requested instruction without destroying the purpose of the bond. The absence of express terms limiting the defendant's covenant to ordinary care in the exercise of the privileges conferred by the license, and the general purpose of the bond, establish that no such limitation was intended. If the breach relied upon had been the defendant's failure to exercise the care of a reasonably prudent man to prevent sales to persons in a state of intoxication, the requested instruction would have been proper; but as the terms of the contract were that no liquor should be sold such a person, and the breach alleged was such a sale, the instruction was properly refused.

In a criminal proceeding the weight of authority seems to sus-

tain the proposition, that when in the exercise of the police power an act is prohibited, the intent with which the act is done is not material unless made so by the terms of the prohibiting act. *State* v. *Campbell*, 64 N. H. 402; *Commonwealth* v. *Julius*, 143 Mass. 132; note to *Farrell* v. *State* (32 Ohio St. 456), 30 Am. Rep. 617. But that question is not now presented. There may be cases where the state in good conscience ought not to exact the letter of the bond. Whether that should be done or not, the attorney-general determines. *State* v. *Brown*, 60 N. H. 205, 207. As the case before the court is here presented, there is no suggestion of any ground upon which he could properly decline to take judgment.

*Exceptions overruled.*

All concurred.