### WHITTLE & KAVANAUGH'S THIRD COMPANY, Inc., v. REYNOLDS.

No. 9934.

Court of Civil Appeals of Texas. Galveston.

Feb. 14, 1934.

F. J. Winter, of Houston, for appellant.

Barkley & Webb, of Houston, for appellee.

LANE, Justice.

J. A. Reynolds and Fred Bowen, who held a contract to purchase a certain oil and gas lease, sold the same to Claude Kavanaugh. In part payment for such sale, Claude Kavanaugh executed two notes, one for $3,000, payable to J. A. Reynolds on or before the 16th day of June, 1931, and the other for $500, payable to Fred Bowen on or before the same date, and to secure payment of said notes Kavanaugh gave a lien upon the oil and gas lease assigned to him. The obligation to pay and to secure such payment was without interest.

The oil and gas lease mentioned was assigned by Claude Kavanaugh to Whittle & Kavanaugh's Third Company, Inc., which assumed payment of the above-mentioned notes.

For reasons satisfactory to J. A. Reynolds and Fred Bowen, J. A. Reynolds carried his interest in the two notes in the name of E. L. Arnold, and Fred Bowen carried his interest therein in the name of his brother, Dallas Bowen.

On or about August 25, 1931, Whittle & Kavanaugh's Third Company, Inc., executed and delivered to J. A. Reynolds, as attorney for E. L. Arnold and Fred Bowen, two notes, one for $337.50, payable to J. A. Reynolds as attorney for E. L. Arnold, and the other for $112.50, payable to said Reynolds as attorney for Fred Bowen. The two notes were payable on or before the 15th day of September, 1931. On August 25, 1931, Whittle & Kavanaugh's Third Company, Inc., received the following instrument:

"Houston, Texas, August 25, 1931.
"Whittle & Kavanaugh's Third Company, Houston, Texas.

"Gentlemen: This is to advise that we, as the owners of a lien on your Willis Smith 6.881 acres of land, in the James S. Caruthers survey in Gregg County, Texas, as per description in the lien given by Claude Kavanaugh on the 16th day of May, A. D. 1931, have for a valuable consideration this day agreed with you and your assigns, that the balance due of $1,480.00 payable to E. L. Arnold by assignment from J. A. Reynolds, and approximately $500.00 due Dallas Bowen by assignment from Fred Bowen, has been extended for payment by you on the 15th day of September, A. D. 1931, at which time it is agreed that you will pay in full the balance as due each of the above parties.

"Witness our hands, the 25th day of August, A. D. 1931.

"Interlineation of date above is understood to be September 15, 1931.

    "E. L. Arnold
      "By J. A. Reynolds, Attorney
"Witness:  J. A. Reynolds
    "Dallas Bowen
     "By Fred Bowen
    "Fred Bowen."

It is apparent that at the time of the extension of the $3,000 note it had been reduced by payments to $1,480.

The note for $337.50 was transferred to, and became the property of, B. Frank Reynolds.

On the 18th day of September, 1931, B. Frank Reynolds brought this suit against Whittle & Kavanaugh's Third Company, Inc., a corporation, and against E. L. Arnold and Lynn Arnold.

The plaintiff alleged the execution and delivery of the $337.50 note by Whittle & Kavanaugh's Third Company, Inc., as hereinbefore stated, and specially alleged that the note for $112.50 is not involved in the suit, as the same was the personal property of Fred Bowen. He alleged that in due course of business and for a valuable consideration he became the owner of the $337.50 note. He prayed for a recovery of the sum due on said note, together with an attorney's fee of $33.75 provided for in said note, against the Whittle & Kavanaugh's Third Company, Inc.

Neither of the other parties defendant have appealed from the judgment rendered against them; therefore it becomes unnecessary to further mention them at this point.

Whittle & Kavanaugh's Third Company, Inc., after pleading a general demurrer and general denial to plaintiff's cause of action, alleged and set up as a defense to plaintiff's cause of action on said note that the note represented an usurious interest charge made by plaintiff against defendant growing out of the transaction alleged and set forth in defendant's second amended original answer, as follows:

That on or about May 15, 1931, Claude Kavanaugh executed and delivered unto J. A. Reynolds and Fred Bowen an instrument in writing wherein he agreed to pay unto J. A. Reynolds and Fred Bowen the sum of $3,500 on June 15, 1931, of which said sum $3,000 was to be paid to J. A. Reynolds and the sum of $500 to be paid to Fred Bowen, and in said instrument a lien was retained upon what is known as the Willis Smith 6.881 acres of land in the Jas. S. Caruthers survey in Gregg county, Tex.; that thereafter the property securing said indebtedness was transferred and assigned unto defendant, who assumed and agreed to pay said indebtedness of $3,500 to the said J. A. Reynolds and Fred Bowen, and thereby became primarily bound and obligated to pay the same.

That thereafter, on to wit: August 25, 1931, the maturity date of the balance then due on said obligation last above mentioned was extended to the 15th day of September, 1931, by a written instrument.

On the 2d day of September, 1932, the cause was tried before the court without a jury, and upon the pleadings and evidence the court rendered judgment in favor of plaintiff, B. Frank Reynolds, against Whittle & Kavanaugh's Third Company, Inc., for the sum of $337.50, with interest thereon at the rate of 8 per cent. per annum from the 15th day of September, 1931, to date of judgment, and for 10 per cent. on such judgment as attorney's fee, and it was also decreed that defendants E. L. Arnold and Lynn Arnold take nothing by their claim, and that plaintiff recover against them such costs as he incurred by reason of their asserted claim.

Whittle & Kavanaugh's Third Company, Inc., only has appealed.

Appellant contends that the court erred in rendering judgment against it upon the note sued upon, and in not rendering judgment for it, in that the undisputed evidence shows that the note for $337.50 was given as a consideration for a fixed extension of time, to wit, from August 25, 1931, to September 15, 1931, which consideration was for the use of $1,480 for the time mentioned; and that the amount contracted to be paid for such extension and use exceeds 10 per cent. of the amount of said $1,480 debt per annum, and clearly shows that the note represents a usurious interest charge, and therefore the contract evidenced by the note is wholly void.

We overrule appellant's contention. In the fifth paragraph of the court's finding of facts filed in the trial court the court recites as follows: "That said note in so far as it covered the $337.50 payable to the said J. A. Reynolds as attorney for E. L. Arnold, and which was given as a part of the consideration for the extension of said indebtedness by the agreement hereinbefore set out. * * *"

And that as a conclusion of law the court stated substantially that, notwithstanding the above recitation, the execution of the $337.50 note was not the consideration for the use or retention of the money due to the plaintiff, but only a consideration for the extension agreement, and therefore the note was not tainted with usury.

█ We confess that we have been unable to harmonize the recitation quoted with the conclusion of law stated by the trial court. However, since there is on file in this court a full and complete statement of the facts proven upon the trial of the case, this court is not bound by the findings of the trial court, which are unsupported by the facts disclosed by the statement of facts. We think the judgment rendered is supported by the evidence shown by the statement of facts.

█ After a careful examination of the statement of facts, we have reached the conclusion that the evidence wholly fails to show that the note sued on, in so far as it covered the $337.50 payable to J. A. Reynolds as attorney for E. L. Arnold, was given exclusively for an extension of the indebtedness of $1,480 due by Whittle & Kavanaugh's Third Company, Inc., but, on the other hand, there is abundant evidence to the effect that a large part of the consideration for the execution of the note, if not all of it, was made up of expenses incurred by the holders of the debt extended, in an effort to collect such debt without suit, in conformity to the wishes of appellant, who was seeking to avoid suit.

The undisputed evidence shows that J. A. Reynolds and Fred Bowen and those acting for them had from the time the $1,480 in question became due on the 15th day of June, 1931,

to August 25th of the same year, a period of about three months, devoted much of their time and incurred much expense, a sum of between $200 and $300, in an effort to collect the debt thereafter extended.

The uncontroverted testimony of J. A. Reynolds was that Whittle & Kavanaugh's Third Company, Inc., did not want a suit brought to collect the $1,480, because it was in the midst of financing a company, and the filing of such suit might injure the company and stop its financing and finally wind up in a receivership for the company.

For the reasons pointed out, the judgment is affirmed.

Affirmed.