### TEXAS LIQUOR CONTROL BOARD v. SMALLEY.

### No. 5652.

Court of Civil Appeals of Texas. Texarkana.

May 11, 1939.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus and M. C. Martin, Asst. Attys. Gen., for appellant.

Oscar B. Jones, of Longview, for appellee.

WILLIAMS, Justice.

The Administrator of the Texas Liquor Control Board, acting under the provisions of the Texas Liquor Control Act, Vernon's Ann.P.C. art. 666—1 et seq., and after a hearing as in said Act provided, cancelled the permit of appellee, Mrs. L. A. Smalley, to operate a wine and beer retail store known as the "Beer Bottle Inn" near Kilgore, Gregg County.

This is an appeal from a judgment after trial de novo had in the district court as provided for in Sec. 14, Art. 1 of said Act, Vernon's Ann.P.C. art. 666—14, which judgment held said order void and of no force and effect, perpetuating a temporary writ of injunction theretofore issued which enjoined said Board, its agents and employees, from interfering with her continued operation of her place of business under the permit theretofore issued to her. No procedural question is involved in this appeal.

The Administrator officially found from the evidence submitted at the hearing that the appellee on or about January 5th and January 9th, 1939, did permit at her place of business, conduct offensive to public decency, to-wit, drunkenness, use of profane language, solicitation from customers by employees for drinks and for money to play music machines. The Administrator further found that on said dates her employees sold beer to persons intoxicated, and visibly so. Such findings so made constitute grounds for forfeiture of appellee's permit by the Board. Article 1, Sec. 12, Art. 666—12, supra. Appellee's only attack upon this decree cancelling her permit is directed to the sufficiency of the evidence to support the fact findings of the Administrator, and contends that she introduced testimony before the Administrator which clearly showed she was not guilty of violating any of the provisions so charged. The same evidence heard in the hearing before the Administrator was introduced in this trial de novo. It is a fact that appellee introduced upon said hearing evidence which tended to disprove, refute and contradict the findings of the Administrator. Upon said hearing, two inspectors who visited appellee's premises on the dates mentioned testified positively and unequivocally as to their experiences on the premises, and what they saw, heard and found there; that they saw named persons intoxicated, staggering, and cursing; and saw appellee's employee continue to sell beer to these intoxicated persons. They further testified that they were personally solicited by the girl employees to buy the drinks and play the music machines, together with other proposals.

The evidence submitted to the Administrator was conflicting. But he was the trier of the facts. This official gave credence and verity to the testimony of the two inspectors. It is evident that this evidence was substantial. To discuss the effect of such findings by the Administrator upon the trial and this court would be a repetition of the reasons and observations made in Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227;

Texas Liquor Control Board v. Floyd, Tex. Civ.App., 117 S.W.2d 530; Texas Liquor Control Board v. Tschoerner, Tex.Civ. App., 117 S.W.2d 121. Upon these authorities the judgment of the trial court is therefore reversed, the injunction appealed from is dissolved, and the order of the Board dated February 7, 1939, cancelling appellee's permit is in all things sustained.

The judgment is reversed and rendered.