**TEXAS LIQUOR CONTROL BOARD v. LANZA.**

No. 12853.

Court of Civil Appeals of Texas. Dallas.

May 20, 1939.

Rehearing Denied June 17, 1939.

Gerald C. Mann, Atty. Gen., and M. C. Martin, Pirtle Watts, and George W. Barcus, Assts. Atty. Gen., for appellant.

Hughes & Monroe and Angelo Piranio, all of Dallas, for appellee.

**1154**

YOUNG, Justice.

On August 31, 1938, appellee obtained Permit No. 1939 to operate a package store at 2710 Elm Street, Dallas, as authorized by Texas Liquor Control Act, Vernon's Ann.P.C. art. 666—1 et seq.; but afterwards, upon due notice and hearing, the Administrator of appellant Board canceled said permit, the date being January 23, 1939. Suit was then filed by Lanza, as plaintiff, in a Dallas County district court, for review of such cancellation order, and, upon a later trial, same was vacated, with the effect of reinstating the original permit; and from this final order of the trial court, the Texas Liquor Control Board has appealed.

It is first contended by appellee that this Court is without jurisdiction to entertain an appeal of this character, brought here at the instance of the Board, Art. 666—14, P.C., Vernon's Ann.P.C. art. 666—14, not providing therefor. In Texas Liquor Control Board v. Warfield, Tex. Civ.App., 111 S.W.2d 862, the right of appellant to appeal from an adverse judgment of the district court was similarly challenged and the contention was overruled, following a discussion and construction of the entire Act. The particular Article (666—14) does not expressly deny this right to the Board, if it be the aggrieved party, and the general rule is that the right of appeal is reciprocal, as respecting persons similarly situated. And it is not material that the subject matter involved (the permit) is not property (Art. 666—13) because, under Art. 2249, R.S., Vernon's Ann.Civ.St. art. 2249, appeals may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, which is the nature of the litigation here.

The present record includes a statement of facts, which, in turn, embraces all the facts adduced before Bert Ford, appellant's Administrator, at the hearing when the permit was canceled. Additional to this, and following the court trial, defendant Board requested, and the Judge made findings of fact and of law, in substance that, although there was evidence of liquor sales, there was no evidence to show that the same were made by plaintiff Lanza on or from the premises located at 2710 Elm Street, Dallas; concluding, as a matter of law, that the Liquor Control Act was not violated by plaintiff, and that the Board did not have suffi-

cient evidence before it to authorize a cancellation of plaintiff's license, and, as a consequence, appellant's action was both arbitrary and capricious. Findings of the trial court must not be disturbed when based on evidence—though conflicting; but findings not supported by the statement of facts are not binding upon the Appellate Court. Whittle & Kavanaugh's Third Co. v. Reynolds, Tex.Civ.App., 69 S.W.2d 181. The rule just stated is particularly applicable to the case at bar, as, otherwise, the Board would be denied a review on the sole question before the District Court; i. e., whether the Administrator's decision in the first instance was supported by substantial testimony. Texas Liquor Control Board v. Jones, Tex.Civ. App., 112 S.W.2d 227; Shupee v. Railroad Commission of Texas, 123 Tex. 521, 73 S.W.2d 505. The settled rule, stated conversely, is that, orders or findings of fact of a regulatory body or commission, are not reviewable on appeal, unless they are unsupported by evidence; Humble Oil & Refining Co. v. Railroad Commission et al., Tex.Civ.App., 112 S.W.2d 222. It has been further held in proceedings of this sort that: "The order of the administrator being prima facie valid by virtue of the provisions of subsection (5) of section 12 of article 1 of said act, as amended, Vernon's Ann.P.C. art. 666—12, subsec. (5), the burden of proof was on the plaintiff to show that there was not any evidence introduced at the hearing to substantiate the findings of the administrator in his order, or that there were no facts upon which said order could be based." Texas Liquor Control Board v. Jones, supra [112 S.W.2d 231].

The earlier hearing before the Administrator was by presentation of affidavits, which was proper; Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300; appellee and attorney being present, but offering no testimony contradictory thereto. On retrial in district court, appellee, under his burden of proving invalid the order of cancellation, made a witness of Inspector Boyd, who had signed the previous affidavits; and it is contended that the testimony of said witness was somewhat different from that before the Board, in that, he bought the bottles of whiskey while on the adjoining wine and beer premises of one Provenzano, and that his statements of purchases from plaintiff's package store on the particular Sundays were conclusions. Plain-

tiff should have offered such testimony, if different from the affidavits in the original proceeding before the Administrator, and the variation in testimony is not sufficient on trial de novo to upset appellant's prima facie case, as made before Mr. Ford. Plaintiff did not attempt otherwise to sustain his allegations that said order of cancellation was capricious, arbitrary and unreasonable, or that no such sales were made. We think the evidence before the Administrator, resulting in a cancellation of the permit in question, was of sufficient probative force to sustain the order; as it will not be assumed that the statutory official was motivated by reasons other than appeared from the testimony before him. Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530, 537.

The judgment of the district court is reversed and here rendered for appellant, Texas Liquor Control Board, sustaining the order of the Administrator, made on January 23, 1939, canceling Package Store Permit No. 1939, theretofore issued to appellee Barney Lanza.

Reversed and rendered.