## McCORMICK v. TEXAS LIQUOR CONTROL BOARD.

### No. 3670.

Court of Civil Appeals of Texas. Beaumont.

May 30, 1940.

Justice & Justice and Bishop & Parsons, all of Athens, for appellant.

Gerald C. Mann, Atty. Gen., and M. C. Martin, Fred C. Chandler, W. P. Watts, and Geo. W. Barcus, Asst. Attys. Gen., for appellee.

COMBS, Justice. .

The appellant owns and operates a drug store in Trinidad, Henderson County, which is dry territory. Prior to October 9, 1939, he was permitted to sell whiskey on doctor's prescriptions under a Medical Pharmacy Permit. After a hearing held on that date, Bert Ford, Administrator of the Liquor Control Board, cancelled the permit

on the ground that appellant had made a sale of liquor without a doctor's prescription to one Franklin, an agent of the Liquor Control Board, and on trial de novo before the judge of the District Court of the Third Judicial District at Athens, a judgment was entered sustaining the order of cancellation. This appeal is from that judgment.

The hearing before the district judge was on the record as made before the administrator except that one of the attorneys for the appellant testified at some length concerning the manner in which the administrator conducted the hearing. This testimony was to the general effect that the administrator acted capriciously in that he first announced he would enter an order suspending appellant's permit for a period of 60 days, but when the appellant stated that he would appeal from such order the administrator then announced that if there was to be an appeal he would enter an order cancelling the permit. And further, that the administrator used methods of duress, in that he informed the appellant if he would plead guilty and pay a fine of $100, he would suspend the permit for 30 days. The sufficiency of the evidence offered before the administrator was also attacked.

### Opinion.

 Upon a careful review of the record, we think the judgment of the trial judge should be sustained. The agent Franklin testifying by affidavit, as is permitted by the Liquor Control Act, stated positively that on September 5, 1939, at about 12:15 p. m., he went into the drugstore of the appellant and purchased a pint of whiskey from appellant and paid him $1.60 therefor; that at the time he purchased the whiskey the appellant did not ask him if he had a prescription from a doctor; that there was no doctor on the premises; that he did not have any prescription and that appellant, McCormick, did not make any request that he obtain one. It was also testified before the administrator that appellant's permit had been suspended once before. Thus it will be seen that there was substantial and positive evidence warranting cancellation of the permit. We cannot presume, in the face of that evidence, that the administrator acted capriciously. The Liquor Control Act, Vernon's Ann.P.C. Art. 666—1 et seq., is purely regulatory in nature and the administrator of the Liquor Control Board is not governed by the strict rules governing courts in the conduct of his hearings. Our courts have consistently held that the action of the administrator in cancelling a permit will not be interfered with by the courts where it appears that he acted upon substantial evidence warranting cancellation of the permit. Texas Liquor Control Board v. Lanza, Tex.Civ. App., 129 S.W.2d 1153; Texas Liquor Control Board v. Smalley, Tex.Civ.App., 129 S. W.2d 466. In attacking the order of the Board, cancelling his permit, appellant had the burden of proving the invalidity of the order of cancellation by showing that the administrator's findings were without substantial evidence to support them. Vernon's Ann.P.C., Art. 666—12a, subsec. 5; Texas Liquor Control Board v. Lanza, Tex.Civ. App., 129 S.W.2d 1153. The appellant did not discharge that burden.

The judgment of the trial court is affirmed.