## TEXAS LIQUOR CONTROL BOARD v. DUVALL.

### No. 13426.

Court of Civil Appeals of Texas.　Dallas.

April 9, 1943.

Rehearing Denied May 7, 1943.

Gerald C. Mann, Atty. Gen., and R. Dean Moorhead, W. P. Watts, and George W. Barcus, Asst. Attys. Gen., for appellant.

Aubrey J. Roberts, Max R. Rosenfield, and Elihu E. Berwald, all of Dallas, for appellee.

LOONEY, Justice.

E. B. Duvall had a wine and beer permit from the Texas Liquor Control Board to sell wine and beer in the City of Dallas. Leonard Riggs, a minor less than sixteen years of age, was employed by Duvall to sell, handle, or dispense or to assist in sell-ing, handling, or dispensing beer in his es-tablishment. After notice and a hearing, the Board, acting through its administrator, canceled Duvall's permit for having em-ployed the minor; from which, Duvall appealed to the district court, and on hear-ing there, the order of the Board was re-versed and the license restored; from which, the Board prosecuted this appeal.

It being undisputed that Duvall em-ployed a boy under eighteen years of age, to sell beer in his establishment, the Board urges the proposition that its administrator was fully authorized to cancel Duvall's license, hence the action of the district court was erroneous in reversing the order of cancellation and in restoring the license.

■ This contention, in our opinion, is correct and must be sustained. Authority for canceling the license under the circum-stances stated is found in Art. 667—19 of Vernon's Ann. Penal Code, prescribing grounds for canceling the license of any person authorized to sell beer, among others, where the retailer "(f) Employed any per-son under the age of eighteen (18) years to sell, handle, or dispense or to assist in selling, handling, or dispensing beer in any establishment where beer is sold at re-tail to be consumed on the premises where sold; * * *." Duvall clearly violated the statute by employing the minor for service in his establishment, regardless of his good faith, intent, or whether he knew the boy was under eighteen years of age. The pro-hibited act of employing a minor in a position fraught with temptations that may lead to a life of dissipation, is declared in unqualified terms, unrelieved by any lan-guage importing that knowledge of the age of the minor, or that either good faith or intent was an element of the offense. In authorizing the cancellation of a license for the sporadic sale of beer to a person under twenty-one years of age, the same Article of the statute, in Subd. 1(a), provides that such sale must be knowingly made; but with reference to the offense of greater enormity, that is, of employing a minor in a business where he is constantly, day after day, exposed to a temptation that may re-sult in his becoming an inebriate, no such qualifying language is found.

■ This construction of the statute is in line with that given similar statutes, not only by our courts but by courts the country over. In Peacock v. Limburger, 95 Tex. 258, 66 S.W. 764, our Supreme Court,

answering certified question, held that a sale of liquor to a minor constituted a breach of the dealer's bond, whether the seller knew the fact of minority or not, citing McGuire v. Glass, 4 Willson Civ.Cas. Ct.App. § 51, 15 S.W. 127, to the same effect. Also see Markus v. Thompson, 51 Tex.Civ.App. 239, 111 S.W. 1074, appeal dismissed. In State of New Hampshire v. Dubruiel, 75 N.H. 369, 74 A. 1048, 25 L.R.A.,N.S., 801, the Supreme Court of that State held that since the statute provided that if one engaged in the liquor business sold to an intoxicated person, he should be liable on his bond to the State, and could not relieve himself of the penalty by showing that he had done all within his power to determine whether the purchaser was sober at the time of the sale. In People ex rel. Price v. Sheffield Farms-Slawson-Decker Co., 225 N.Y. 25, 121 N.E. 474, the Court of Appeals of New York, in an opinion by the late Justice Cardozo, held that the corporation was liable for having violated the child labor law, in that, one of the drivers of a milk wagon had employed a child under fourteen years of age to assist in delivering milk. The defense was that the officers of the corporation had no knowledge of this fact. The court held that, regardless of any knowledge, the fact that the minor was employed created a cause of action, and that neither ignorance nor inactive participation would relieve the corporation. And from 30 Am.Jur., p. 427, par. 328, the following doctrine is announced: "Where, by the use of words such as 'knowingly,' 'wilfully,' or words of similar import, knowledge of the age of a minor is an element of the offense of selling or furnishing intoxicants to him, there can be no conviction unless it is made to appear that the defendant knew, or had such information as would lead a prudent man to believe, that the buyer or recipient was a minor. * * * Where, however, the prohibition against furnishing liquor to minors is couched in unqualified terms, the courts are not entirely agreed on the effect of ignorance, mistake, or belief as to the matter of age, although according to the majority view, it is, under such statutes, incumbent on the seller to know that his customer labors under no disability, and that an honest mistake or belief in the premises constitutes no defense, even when based on the minor's representations and appearance. * * *"

It being established that Duvall employed the minor, under sixteen years of age, to dispense beer in his establishment, we conclude that the cancellation of his license was authorized, and this, irrespective of his knowledge, intent or good faith. He acted at his peril and took the risk of having his license canceled.

■ However, assuming that the real issue, as contended by Duvall, is whether or not he acted in good faith, after due inquiry, and with reasonable caution, at the time he employed the minor, yet we think the evidence before the Board refutes such contention and was sufficient to authorize the cancellation. The evidence offered below was the same as that offered at the hearing before the administrator at the time of the cancellation. At the time of his employment, Leonard Riggs represented to Duvall that he was over eighteen years of age (however, testified he said that to get the job), and signed an unsworn statement to same effect. Duvall asked the minor if he had a birth certificate, the minor said he did, but that it didn't contain his full name; however, it was in the name of Leonard Riggs, showed the names of his parents, where he was born, and the date of his birth as March 21, 1927, which his father said was correct, and would have satisfied the inquiry had Mr. Duvall demanded that it be produced, which he failed to do; and although the minor's father resides in Dallas, Duvall failed to make inquiry of him in regard to the age of the minor. Mr. Duvall testified by affidavit to the effect that he made inquiry at two places in Dallas that sold beer and wine, where Leonard Riggs had previously worked, but failed to state what information he sought or obtained by the inquiry. Asked, "After you received this written statement from Leonard Riggs, you didn't try to find out any further as to whether or not he was old enough to sell beer? A. No, sir. Just from him." J. T. Hill, an inspector of the Board who purchased beer from the minor at the Duvall establishment, testified that the minor had the appearance of being under eighteen years of age.

■ Reduced to its last analysis, this evidence shows that Duvall relied exclusively on the statement of Leonard as to his age. We think it reveals an indifference and failure to prosecute the inquiry suggested, which, if pursued, would

have shown beyond controversy that Leonard was less than sixteen years of age at the time of the employment. Hence, if the case should be determined on the latter issue, we think there was ample evidence before the Board authorizing the cancellation. The burden of proof was upon Duvall to show that there was no evidence authorizing the action of the Board, which, in our opinion, he failed to discharge. See Texas Liquor Control Board v. Lanza, Tex.Civ.App., 129 S.W.2d 1153.

So, we conclude that under either theory, the administrator was authorized to take the action he did and that the court below erred in setting the order of cancellation aside and restoring the license; therefore, its judgment is reversed and the order of cancellation by the administrator of the Board is, in all things, upheld and confirmed.

Reversed and rendered.